### JOHN D. D. ROSSET *vs.* J. M. GREER, *et al.*

July Term, 1868.

1. An injunction may be dissolved upon the filing of answers denying the equity of the bill, responsive to the allegations therein contained.

2. An answer of one of the defendants was found in the papers of the cause and although it did not appear to have been regularly filed, yet the final decree mentions it as one of the papers on which the cause was heard, which is held to be sufficient.

3. Although an answer be filed, a demurrer may be entered at any time before final decree under the same restrictions that an answer may be filed.

4. When a bill is dismissed on the "answer and demurrer" it does not matter that the demurrer was not well taken if the bill was properly dismissed on the matter contained in the answer.

5. An affidavit for a continuance of a cause in chancery on the ground of newly discovered evidence, is not sufficient if it does not show that the evidence could have been discovered sooner by the use of due diligence; nor where it does not disclose the nature of the evidence so that it may be seen whether it is material or not.

At the July rules, 1862, John D. D. Rosset filed a bill in the clerk's office of the circuit court of Jackson county,

---

\* Judge HARRISON did not sit at the July term, 1868, in consequence of illness.

VOL. III.        1

alleging that in the year 1850 he sold to one Straley a tract of land in that county; that Straley died without having paid the purchase money, and that his heirs sold and conveyed the land to Jacob H. Staats, who undertook to pay the complainant the purchase money; that in May, 1856, the complainant conveyed the land to Staats who was to give his note with good personal security for 305 dollars the unpaid purchase money and interest, but that although he signed the note himself he never gave any security, whereby, he alleged, that the deed was fraudulently obtained from him; that Staats sold and conveyed the land to J. C. Wolf, who had full notice of the fraudulent procurement of the deed; that Wolf paid Staats a portion of the consideration for the land and gave notes for the residue, one of which notes Staats fraudulently assigned to Boyd & Ott; that Staats died intestate and J. M. Greer and H. G. Ayres were appointed administrators of his estate. That during the life-time of Staats he had filed a bill in chancery against Wolf, Boyd & Ott for the purpose of enforcing the collection of the note assigned to the latter, or pretended to be assigned; that a decree was rendered in that cause directing a sale of the land. The complainant prayed an injunction against this sale and also that the defendants Boyd & Ott be required to answer whether the assignment to them was *bona fide,* and what was the consideration therefor; and that defendant Wolf answer and say whether he was not cognizant of the facts attending the sale from the complainant to Staats, and whether he did not notify him that he would hold the land liable for the amount due by his note of 305 dollars from Staats. Complainant also asked the court to provide for his purchase money note by the sale of said land in this suit, or out of the proceeds of the sale in the suit of *Staats* vs. *Boyd & Ott.* No lien was retained for unpaid purchase money in the deed from Rosset to Staats. Injunction was allowed and bond given. The bill was taken for confessed as to Greer, Ayres and Wolf, and was set for hearing at the September rules, 1862. At the March term, 1864, Greer and Ayres filed their separate answers and moved to dissolve the in-

junction, which motion was granted. A rule was granted requiring Wolf to answer by the next term of the court. The answer of Wolf was found in the papers of the cause, though it does not appear to have been regularly filed. At the May term, 1864, the court refused on the motion of the complainant to reinstate the injunction, and dismissed the bill as to the administrators, Ayres and Greer. At the September term, 1866, Wolf demurred to the bill and the complainant joined therein, whereupon the court proceeded, after reciting in the decree that the cause was heard upon papers theretofore read, "and the answer and demurrer of defendant J. C. Wolf and joinder in the said demurrer," to dismiss the bill, and awarded costs against the complainant. On the same day of the dismissal the complainant filed an affidavit stating that during the term then pending he had discovered evidence that he believed material to the issue; that he had not discovered it before, and since discovering it he had not had time to have given legal notice to take the depositions. He asked that time be allowed him to take the evidence, and file it, before the order of dismissal was entered, and that a rehearing of the cause be allowed, "if depositions, after they are taken, should disclose sufficient facts to change the liability of the parties." The court overruled his motion predicated upon the affidavit. He appealed to this court. The following were the errors assigned in the petition for an appeal:

"1st. The court erred in dissolving the injunction at the March term, 1864, on motion of the defendants Ayres and Greer, on the very day they filed their answers. A reasonable time should have been given your petitioner to establish, by proof, the allegations of his bill.

2d. The court erred in receiving and acting upon the answer of defendant Wolf, and giving him the benefit thereof, unless and until such answer was filed; which it is respectfully submitted was never done.

3d. The court erred in not reinstating said injunction at the May term, 1864, on motion of your petitioner.

4th. The court erred is disposing of the case upon the

"answer and demurrer" at the September term, 1866. If the answer had been filed it was too late to admit the demurrer. If the answer had not been filed it was error to give the defendant Wolf the benefit of it. If the answer was not considered by the court, it was error to have sustained the demurrer and dismissed the bill.

5th. The order dismissing the bill is irregular and informal, for not indicating whether it was predicated upon the answer or the demurrer.

6th. The court erred in not continuing the case, or suspending the decree, to give your petitioner reasonable time in which to produce the newly-discovered evidence."

*G. H. Lee* for appellees.

MAXWELL, J. The first cause assigned as error is, that the court erred in dissolving the injunction at the March term, 1864, on motion of the defendants Greer and Ayres, on the day they filed their answers. It is claimed that a reasonable time should have been given the petitioner to establish by proof the allegations of his bill.

The answers of Greer and Ayres denied all the allegations of the bill charging fraud on which the injunction had been awarded.

It is the well settled practice of the courts of this State that, an injunction may be dissolved upon the filing of answers denying the equity of the bill, responsive to the allegations therein contained. There is no error then in the first cause assigned.

The court did not err in the second cause assigned as error, because it does appear in the final decree that the answer of Wolf was substantially then filed if it had not been filed before.

The court did not err in refusing to reinstate the injunction at the May term, 1864, on motion of Rosset, as claimed in the third cause assigned as error, because there had been no depositions or other evidence filed in the cause after the

injunction was dissolved at the March term, nor any other cause shown why it should have been reinstated.

The fourth and fifth causes of error assigned are in substance the same.

It is claimed that the court erred in disposing of the cause upon the "answer and demurrer" at the September term, 1866; that if the answer had been filed it was too late to admit the demurrer; that if the answer had not been filed it was error to give the defendant the benefit of it; that if the answer was not considered by the court it was error to have sustained the demurrer and dismissed the bill; that the order dismissing the bill is irregular and informal for not indicating whether it was predicated upon the answer or the demurrer.

There can be no error in disposing of the case upon the "answer and demurrer." The demurrer was filed before the answer. Although an answer be filed a demurrer may be filed also, and at any time before final decree, under the same restrictions that an answer might be filed. I think such is the fair construction of our statute. *Basset's administrator, &c.,* vs. *Cunningham's administrator,* 7 Leigh, 402.

The answer, as I have before said, is properly before the court so as to give the defendant Wolf the benefit of it, so as to give him the benefit of everything contained in it, because there was no replication to it. I admit that if the answer was not considered it would have been error to have dismissed the bill on the demurrer because the bill is in substance good and the demurrer was not well taken. I admit also that the order dismissing the bill is irregular and informal. The order would have been more regular and formal if it had shown that the demurrer was overruled and the bill dismissed on answer. But it can make no difference in substance and effect as to the form, because the bill was properly dismissed. It is claimed that the court erred in not continuing the case or suspending the decree to give the petitioner reasonable time in which to produce newly-discovered evidence.

The last decree rendered in the cause recites that "the complainant having filed a petition under oath, in this cause, praying for time to procure newly-discovered evidence that he regarded material in the case and a rehearing of this cause, the court having considered the motion is of opinion that the same be overruled."

There is an affidavit filed in the papers of the record bearing date on the 24th day of September, 1866, the day on which the decree was rendered, which seems to be pretty well identified as the affidavit referred to in this order though it does not appear to be made a part of the record of the case in any other way. Rosset in this affidavit represented that during the term of court then pending, he had discovered evidence that he believed material to the issue in his cause against Wolf and others, then pending; that he had not discovered the same before, and since its discovery he had not had time to give notice to the parties to take the depositions. The affidavit prayed the court to allow affiant time to take said evidence and file it in the cause before the order of dismissal is entered of record, and that a rehearing of the cause be allowed by the court, if depositions, after they are taken, should disclose sufficient facts to change the liabilities of the parties. To treat this affidavit as the foundation for a continuance of the cause, to enable Rosset to take depositions and get in his newly-discovered evidence, it is not sufficient, because it does not show that he could not have discovered the evidence sooner by the use of due diligence, nor does it disclose the nature of the evidence so that it may be seen whether it is material or not. As the foundation for a bill of review it is plainly insufficient for the same reasons. It seems to me that there is no error committed by the court in refusing to give time to get in this evidence.

Upon the whole case the decree complained of must be affirmed with damages and costs to the appellees.

The President concurred.

Decree affirmed.