# CHARLESTON

### STERRINGER v MACKIE & Co.

Submitted January 13, 1905.   Decided January 31, 1905.

1. EXECUTION.

   An execution issued by the clerk of the circuit court upon a judgment of a justice without a transcript of such judgment having been filed in such clerk's office as required by section 118 of chapter 50 of the Code, is void as between the parties. (p. 64.)

2. EXECUTION—*Circuit Clerk.—Justice's Transcript.*

   The filing of an abstract of a judgment of a justice in the clerk's office of the circuit court of the county in which the judgment was rendered is not a compliance with the provision of said section which requires a transcript of such judgment to be filed. The filing of such abstract confers no authority upon the clerk of said circuit court to issue an execution on such judgment. (p. 65.)

3. EXECUTION—*Motion to Quash.—Notice.*

   Where a party appears generally and resists a motion to quash an execution without objection for want of notice of the motion, he thereby waives the notice thereof required by section 17 of chapter 140 of the Code. (pp. 65, 66.)

Error to Circuit Court, Tucker County.

Action by J. A. Sterringer against John Mackie & Co., and others. Judgment for plaintiff. Defendant John Mackie brings error.

*Reversed.*

CHARLES L. FINNELL, for plaintiff in error.

W. B. MAXWELL and J. WM. HARMAN, for defendant in error.

COX, JUDGE.

This is a writ of error to an order of the circuit court

of Tucker county, overruling the motion of plaintiff in error John Mackie, late a member of the firm of John Mackie & Co., to quash two executions purporting to be issued by the clerk of the circuit court of said county upon a judgment of a justice. The first was issued on 'July 1, 1895, and the second on November 26, 1903. The evidence on the motion appears by bill of exceptions, which includes a copy of the judgment from a docket of the justice.

In determining the validity of these executions it is material to inquire upon what they were based. Section 118 of chapter 50 of the Code provides how executions upon a judgment of a justice may be issued by the clerk of the circuit court of the county in which the judgment was rendered. This statute requires that a transcript of such judgment of the justice shall be filed before the clerk is authorized to issue executions on the judgment. A transcript, according to its derivation and as generally used and understood, is in effect a copy. Bouvier's Law Dictionary defines a transcript to be a copy of an original writing or deed. The legislature has provided that by filing a transcript of a judgment of a justice in the clerk's office of the circuit court of the county in which the judgment was rendered, the clerk may issue executions thereon in the same manner and with like effect as if the judgment had been rendered by the circuit court. The transcript-evidence of the judgment filed in the clerk's office is the authority of the clerk to issue an execution on the judgment. The filing of the transcript is a prerequisite to the issuing of an execution by the clerk. Without it he has no authority to issue an execution upon a judgment of a justice. In examining this record we find the only pretense of the filing in the clerk's office of a transcript of the judgment of the justice, supporting the two executions in controversy in this case, is a paper copied in the printed record at page 9, which copy is a part of the bill of exception. This paper has the following caption: "Second, a copy from the records in the office of the Clerk of the said Circuit Court, showing that a transcript of said judgment was filed in the office of said Clerk on the 1st day of July, 1895, and an execution issued on the same day marked 'Petitioner's exhibit No. 2,' in the words and figures following." To this paper is appended the following certificate of the Clerk: "Transcript of judg-

ment rendered by Wm. E. Talbott, a Justice of the Peace for Tucker Co., W. Va., on the 11th day of June, 1892, and entered here on the execution docket on this the 1st day of July, 1895, by order of plaintiff's counsel.     Teste:  C. W. Minear, Clerk.''   The body of this paper is not a transcript of the judgment of the justice, but at best a most imperfect abstract of the judgment of the justice.   In styling the judgment there is added an additional defendant, as appears when compared with the copy from the justice's docket.    It does not give the date of the judgment, the name of the justice rendering it, or the county in which it was rendered.    This is the only instrument found in the record which could be claimed to give any authority to the clerk of the circuit court to issue an execution on the judgment referred to.     An abstract of a judgment ordinarily means a mere brief and not a copy of that from which it is taken.     *Dickinson* v *R. R. Co.*, 7 W. Va. 413.    Where the existence of a judgment is put in issue a mere abstract will not be received as proof of the judgment and dispense with the necessity of producing an authenticated copy of such judgment. *Anderson* v. *Nagle et al.* 12 W. Va. 98.    The filing of a mere abstract will not meet the requirements of the statute providing for a transcript.    We are not unmindful that the imperfect abstract mentioned, with its caption and certificate as above set forth, was originally filed by the plaintiff in error with his petition for stay of proceedings upon said executions and is therein referred to as a copy from the execution book; but this does not change the character of the paper when it comes here by bill of exceptions as part of the evidence.    It speaks for itself, and is not sufficient to support the executions issued by the clerk of the circuit court.    The executions are not simply voidable, but are void as between the parties for want of any authority in the clerk of the circuit court to issue them; and the motion of the plaintiff in error should have been sustained by the circuit court and the executions quashed.

The attorney for the defendent in error claims in his brief, and cross-assigns as error, that reasonable notice of the motion to quash was not given the defendent in error, as required by section 17 of chapter 140 of the Code.    This may be true, but is this error?    The defendant in error appeared generally and resisted the motion in the circuit court without.

any objection for want of notice, and he must be taken to have waived the notice and his right to object for want thereof. He stands in the same position as if such notice had been given and properly served upon him. *Groves* v. *County Court*, 42 W. Va. 587; *Frank* v. *Zeigler*, 46 W. Va. 614; *Shepherd* v. *Brown*, 30 W. Va. 13; and other cases before this Court.

For the reasons above stated, the judgment of the circuit court of Tucker county entered on the 20th day of June, 1904, overruling the motion to quash the two executions mentioned, is reversed and annulled; and this Court, proceeding to enter the judgment which the circuit court should have entered, it is ordered that the motion of plaintiff in error, John Mackie, to quash the two executions issued by the clerk of the circuit court of Tucker county, the first on the 1st day of July, 1895, and the second on the 26th day of November, 1903, be sustained, and that the said executions and each of them be quashed.

*Reversed.*