# CHARLESTON.

.   A. C. BALLOUZ *v.* ALEXANDER HART *et al.*

Submitted April 29, 1924.   Decided May 29, 1924.

1.   COURTS—*Procedure Prescribed for Review of Judgment or Order of County Court by Circuit Court is in Fact by Writ of Error Instead of Appeal.*

   While the method of review by a circuit court of a judgment or order of a county court provided for under section 47, chapter 39, and section 14, chapter 112, Barnes' Code, 1923, is therein called an "appeal", the procedure prescribed is in fact by writ of error, erroneously called an appeal. (p. 581).

2.   APPEAL AND ERROR—COURTS—*Motion to Dismiss Because Appeal Better Practice Instead of Writ of Error for Review of Order of County Court Overruled.*

   But, while the better practice in petitioning for a review of an order of the county court is to ask for a writ of error, not an appeal, yet if an appeal is prayed for and granted, the motion of defendant in error to dismiss because an appeal instead of a writ of error was awarded should be overruled. This applies both in circuit courts and in this court. (p. 582).

3.   COURTS—*Petition for Writ of Error to Review Order of County Court Should Assign Error and be Accompanied by Transcript of Record and Proceedings.*

   Under section 14, chapter 112, Barnes Code, 1923, a petition for writ of error (erroneously called an appeal) to review an order of a county court should assign error and be accompanied by a transcript or copy of the record and proceedings in the county court. (p. 583).

4.   SAME—*Writ of Error (or Appeal) Awarded on Petition Not Accompanied by Proper Transcript Should be Dismissed.*

   A writ of error (or appeal) awarded upon petition, not accompanied by a proper transcript of   the record in the

·county ·court should 'be dismissed on motion of defendant in error. (p. 583).

Appeal from Circuit Court, Wetzel County.

Action by A. C. Ballouz against Alexander Hart and others. From an order of the Circuit Court dismissing appeal from order of the County Court, defendants appeal. On motion to dismiss.

*Dismissed.*

*E. H. Yost,* for appellants.
*Willis & Ball,* for ·appellee.

MEREDITH, PRESIDENT:

Defendants complain of an order of the circuit court of Wetzel County, entered October 12, 1922, dismissing their appeal to that court from an order of the county court of that county, entered October 1, 1918, wherein that court established a road through defendants' lands. The appeal was granted by the circuit court March 13, 1919.

Defendants petitioned for and obtained from this court an ''appeal'', and prayed that the action of the circuit court and the county court be reversed and set aside. The petition, accompanied by a purported transcript of the record, specifies the grounds relied on for reversal. Plaintiff, at the threshold of this inquiry, moves to dismiss because the matter was brought here by ''appeal'' instead of upon ''writ of error''. Section 14, chapter 112, Barnes' Code, 1923, provides:

> ''In any case in which an appeal lies under section forty-seven of chapter thirty-nine of this Code, as amended, on behalf of a party to a controversy in a county court, such party may present to the circuit court of the county in which the judgment, order or proceeding complained of was rendered, made or had, or in the vacation of such court, to any judge of a circuit court, the petition of such party for an appeal. Such petition must be presented within one year after such judgment, order or proceeding was rendered, had or made. With such petition there shall be a transcript of the record and proceedings in the county court, and the petition shall assign errors. If the appeal be allow-

ed; the order of allowance shall specify what bond, if any, is required, before such appeal shall take effect, and the papers shall be filed with the clerk of the circuit court, first mentioned in this section. A copy of the order of allowance shall be served upon the opposite party, and upon proper return of such service and the execution of the required bonds the appeal shall be docketed and proceeded with in the circuit court. If the petition be refused the refusal shall be endorsed on the petition which may then be presented to a judge of the court of appeals; if the matter be one in which an appeal would be to that court from a judgment of the circuit court affirming the action of the county court, such judge may in such case allow or refuse the appeal, and in case of allowance by him, the like proceedings shall be had as if the allowance was by circuit judge. After the decision of the appeal by the circuit court, the cause or matter shall be remanded to the county court, or be retained in the circuit court and there proceeded with as the circuit court may determine and order.''

As pointed out by Judge GREEN in *Williamson* v. *Hays,* 25 W. Va. 609, while the method of reviewing orders of the county court by the circuit court under this statute is called an ''appeal'', yet, it is in fact from its very nature a writ of error. It will also be noted that the statute provides that if the circuit court refuses the appeal, its refusal shall be endorsed upon the petition, ''which may then be presented to a judge of the court of appeals'', evidently meaning that the original petition presented to the circuit court may be presented to a judge of this court. If the original petition to the circuit court may properly pray for an ''appeal'', as the statute provides, and if upon refusal by that court and the endorsement of its refusal thereon it may be presented to a judge of this court, who by the express terms of the statute may refuse or allow the ''appeal'', it would seem that the defendants' application for an ''appeal'' instead of for a ''writ of error'' should be sufficient. If a judge of this court can award an ''appeal'' in such a case, it is not unreasonable to hold that this court could do so.

It is contended by counsel for plaintiff that the ancient land-marks marking the boundaries between writs of error and appeals should be maintained and that to sustain de-

fendants' "appeal" abolishes these distinctions. But not so. The "appeal" provided for under the statute quoted is but another name for a writ of error, as pointed out in *Williamson* v. *Hays, supra*. If the legislature mis-named it, we see no reason why a suitor should be deprived of his right to be heard in this court merely because he used the statutory term "appeal" in his petition instead of the technical and proper term "writ of error". After the case comes here for final hearing, upon appellate process, whether appeal or writ of error, the procedure is the same. This court reviews the whole case upon the record. We have no separate dockets for law and chancery causes, such as are found in circuit courts. We have but one docket; upon that docket all cases, of whatever nature, are set for hearing. We do not mean to say that a technical judgment at law may be reviewed here upon appeal, or that a decree in chancery may be reviewed upon writ of error. But the order complained of in the instant case is neither. It is merely an order of a court of inferior jurisdiction, where the matter was tried in a summary way and not according to the course of the common law; hence would not at common law be subject to review by way of a technical writ of error. It was not entered in a chancery cause, hence is not reviewable by way of "appeal", as that term is properly used. But the statute calls it an appeal, though the remedy prescribed is a writ of error, as pointed out in *Williamson* v. *Hays, supra*. We see no reason why plaintiffs in error may not pray for an appeal in their petition, nor why this court should refuse relief because they do so. If defendant in error were in any wise prejudiced thereby, it would be quite a different matter. But as we have seen, the procedure here would be the same, whether the one or the other were petitioned for and granted; we therefore hold that the motion to dismiss on the ground stated should be overruled.

A second ground for the motion to dismiss is that no proper transcript of the record as made in the county court was presented to the circuit court; hence, no proper transcript is before us. The statute, section 14, Chapter 112, Barnes' Code, 1923, prescribes that "With such petition there shall be a transcript of the record and proceedings in the county

court, and the petition shall assign errors." What is a transcript of the record and proceedings? In construing section 118, chapter 50, Code, which provides that an execution may be issued by the clerk of the circuit court of the county in which a judgment is rendered by a justice, upon filing with the clerk a transcript of the judgment, certified by the justice having lawful custody of the docket in which the judgment was rendered, Judge Cox, in *Sterringer* v. *Mackie & Co.*, 57 W. Va. 63, 49 S. E. 942, said: "A transcript, according to its derivation and as generally used and understood, is in effect a copy." It was held in that case that the filing of an abstract of the judgment instead of a transcript thereof was insufficient; and that an execution issued upon the judgment without the filing of the transcript required was void. What have we for "a transcript of the record and proceedings" in the county court in this record? We have the following: (1) A certified copy of the petition of A. C. Ballouz addressed to the county court praying for the location of the proposed road; (2) Attested copies of certain orders entered by the court and report of the viewers, as follows:—"Exhibit B", order filing the petition; Exhibit "C", report of the viewers; "Exhibit E", an order that the road be opened upon the understanding that Ballouz should assume the expense as well as pay all damages and for rights of way; "Exhibit F", an order setting aside the former order, but finding that the proposed work should be undertaken, notice thereof was directed to be served upon the defendants and certain other persons; "Exhibit G", copy of the notice published in the Wetzel Republican, with certificate of its publication, and copy of another but different notice published in the Wetzel Democrat, with certificate of its publication; "Exhibit H," a copy of an order dated August 1, 1918, showing that defendants appeared, moved to quash the notice, which motion was sustained; "Exhibit I", an order of the court, dated October 1, 1918, which shows that the parties appeared and defendants moved to dismiss the proceeding for want of jurisdiction; that the motion was overruled; that the parties had been duly summoned to appear and show cause why the road should not be established; that the notices of the hearing had been duly pub-

lished in two newspapers of opposite politics in Wetzel County, and properly posted as required by law; that thereupon the court decided to undertake the work of establishing the road as laid out by the owners and shown in their report, upon condition that Ballouz should pay all damages and costs and keep the road in repair; that the road so established as a public road begins at a designated point and runs by courses and distances to certain "bars" in the division fence between the lands of Ballouz and the lands of defendants; the court thereupon fixed the compensation to be paid the defendants, which they refused, and it was ordered that the land so to be taken be condemned under chapter 42 of the Code, and for the purpose of securing the payment of costs, Ballouz was required to enter into bond in the sum of $500.00.

These papers are accompanied by the following certificate:

"Wetzel County, West Virginia,
Clerks Office County Court.
    I, G. A. Harman, Clerk of the County Court of said County in said State, do hereby certify that the foregoing papers marked exhibit "B" "C" "E" "F" "H" & "I" is a true and correct copy of the order entered by the county court, Hart Bros. vs. A. C. Ballouz, as the same appears upon the records in my said office in Commissioners Order Book No. 13, pages Nos. 241, 255, 265, 278, 297 & 299.
    Given under my hand as Clerk of said Court and the Seal thereof, this the 28, day of January, 1921.
    (SEAL)                    G. A. HARMAN, Clerk."

Is this sufficient? There is nothing in the certificate to show that these papers mentioned make a complete copy of the record, and proceedings. If the order, "Exhibit I", speaks the truth, there are some important papers omitted from the record. We are bound to hold that these are insufficient to constitute a transcript, such as is required under the statute. The circuit court doubtless held the same view. The motion to dismiss will be sustained. This renders it improper to consider the other errors assigned.

*Dismissed.*