GAY COAL & COKE COMPANY *v.* MARY CHAFIN *et al.*

(No. 8041)

Submitted April 30, 1935. Decided May 14, 1935.

*Bland & Joyce,* for appellants.
*Mark T. Valentine,* for appellees Minnie and Hawk Hall.

MAXWELL, JUDGE:

Lona M. Gore and G. F. Gore, her husband, complain of a decree of the circuit court of Logan County adjudicating adversely to Mrs. Gore's claim of an undivided 3/36 of the coal underlying a certain tract of 850 acres of land in that county.

In 1903, Moses Mounts, owner of the land, leased the same to S. C. Fisher and others for a term of thirty years, for coal mining purposes, with right of renewal in the lessees or their assigns upon the same terms and conditions. Moses Mounts died intestate and his real estate was partitioned among his heirs, except that the said tract of coal was not partitioned but remained in common ownership. To Armel Mounts there were assigned certain parcels of surface and an undivided 3/36 interest in the coal.

By two deeds, one of November 16, 1926, and the other of October 28, 1927, the latter being corrective of the former, Armel Mounts transferred and conveyed said surface parcels and undivided coal interest to Minnie Hall. There were no reservations or exceptions in these deeds. Minnie Hall, together with her husband, Hawk Hall, by deed of the last mentioned date, conveyed the same properties, with reservation hereinafter discussed, to G. F. Gore and W. R. Crutcher. By mesne conveyances, the appellant, Lona M. Gore, succeeded to the rights of G. F. Gore and W. R. Crutcher under the last mentioned deed.

The precise question concerns the fee simple title to said 3/36 interest in the coal, and whether Minnie Hall or Lona M. Gore is entitled to the royalty therefrom.

This suit, instituted by Gay Coal & Coke Company, successor of the lessees under the Moses Mounts lease, has for its purpose to require certain owners of undivided interests in the coal to join in the execution of a renewal lease to the plaintiff, it having so elected under the stated provision of the Mounts lease. Minnie Hall and husband and Lona M. Gore and husband were made parties defendant to the suit. They answered, presenting their respective claims.

The solution of the problem presented by the controversy

between the two women depends on interpretation of the reservation contained in the mentioned deed of Minnie Hall and Hawk Hall to G. F. Gore and W. R. Crutcher, October 28, 1927.

The grant of the deed is of "all of the lands and interest in lands purchased by the said Minnie Hall from Armel Mounts by a deed dated the 16th day of November, 1926***."

Following the granting clause, are these two paragraphs:

> "It being the intention hereby to convey the remaining interest which is now owned by Minnie Hall as grantee of Armel Mounts, in the property conveyed to or acquired by Armel Mounts as heir at law of Moses Mounts, deceased, except the royalties now due or hereafter to become due from the coal mined from the Gay leasehold, which was leased to said company by Moses Mounts in his lifetime.
>
> "It being understood hereby that the said Minnie Hall is to receive said royalties that are now due or may hereafter become due, from said leasehold, the same as if this deed had never been made, but all other rights to the said land, together with improvements, which was conveyed to the said Minnie Hall by the said Armel Mounts, is covered hereby and is hereby conveyed to the said G. F. Gore and W. R. Crutcher, to all intents and purposes as if said property was specifically set out herein."

The interest retained by Mrs. Hall is a reservation, not an exception. What she did was to reserve the right to receive a definite portion of the royalty arising from the mining of the coal. She did not specifically except from the conveyance any part of the coal in place. "The office of an exception is to take something out of the thing granted that would otherwise pass, and the exception, as an estate, is of a kind with that granted; whereas a reservation carves out of the grant a new thing or estate, and it therein differs from an exception which is ever a part of the thing granted and of a thing in esse at the time." *Reynolds* v. *McMan Oil & Gas Co.*, (Tex. Com. App.) 11 S. W. (2d) 778, 781. Consult Bouvier's Law Dict.; *Preston* v. *White*, 57 W. Va. 278, 282, 50 S. E. 236.

Minnie Hall takes the position that by the language em-

ployed there was reserved the royalty on an undivided 3/36 of the coal whether mined under the original lease or a subsequent lease to any person; that this is tantamount to an exception of 3/36 of the coal; that the reference to the Gay leasehold has the effect only of identifying the coal intended. Lona F. Gore insists that the reservation does not affect the title to the coal in place, and operated only as to royalty arising under the original Mounts lease, to the exclusion of royalty that may arise under the renewed lease, or any other lease subsequent to the Mounts original.

The court found that Mrs. Hall was the owner in fee of the controverted 3/36 interest, and that she and her husband should join in the execution of the renewed lease. Specifically, the court held that ''the defendants, Minnie Hall and Hawk Hall, her husband, did not convey unto G. F. Gore and W. R. Crutcher any interest in the coal in, upon or underlying the lands involved in this action, or any interest in or right to receive any of the royalties from such coal, and that the defendant, Minnie Hall, is the owner of an undivided 3/36 interest in and to all of the coal in, upon and underlying the tract of land embraced within the lease made by Moses Mounts * * * the 28th day of February, 1903.''

Ordinarily a renewed lease is considered a new entity. *Ammar* v. *Cohen*, 96 W. Va. 550, 554, 123 S. E. 582. But such is not the invariable rule. A lessee under a renewal can not defeat the contractual rights of a third person by claiming that there is a different background of his liability from that which obtained under the original lease. 35 Corpus Juris, p. 1037. That would be inequitable; therefore such contractual relationship must be deemed to have been created on the basis of both the original lease and any continuation or renewal thereof. In such circumstances the tendency is blended into an entirety; there is no severance by renewal.

By parity of reasoning the seller and buyer of an undivided interest in coal being operated under a lease—royalty arising from the leasehold being reserved in the sale—must be deemed to have contracted in contemplation of continuation of operations under a renewal of the original, where it contains a covenant for renewal.

In the case at bar the reservation was of royalty arising from the Gay leasehold. The right of renewal was an important element of the leasehold estate. It must be considered that the parties in interest contracted in the light of that element as well as of all others embodied in the lease.

In our opinion the phraseology ''except the royalties now due or hereafter to become due from the coal mined from the Gay leasehold,'' refers to mining operations conducted under the original lease or a renewal thereof. Further, that the next succeeding phrase, ''which (leasehold) was leased to said company by Moses Mounts in his lifetime,'' merely discharges the function of more particularly identifying the coal involved.

This leads to the conclusion that under the reservation in the deed of October 28, 1927, there was preserved for Mrs. Hall the right to enforce payment to herself of the royalty from an undivided 3/36 of the coal embraced in the Moses Mounts leasehold, and that such right extends to both the original lease and any renewal or extension thereof, but not otherwise. To this extent we approve the holding of the trial chancellor. But we do not concur in the finding (quoted above) that ''Minnie Hall and Hawk Hall, her husband, did not convey unto G. F. Gore and W. R. Crutcher any interest in the coal in, upon or underlying the lands involved in this action.'' The said conveyance was a grant in fee of the property described, subject only to the reservation specified. Lona M. Gore succeeded to the rights of said grantees. It is she and not Mrs. Hall who is vested with title to said undivided 3/36 interest.

Inasmuch as this substantial correction of the decree of the chancellor will necessitate alteration thereof in respect of the execution of the renewed lease in so far as the said 3/36 interest is concerned, we shall not enter a final decree here, but reverse the chancellor's decree and remand the cause for further proceedings in accordance herewith.

*Reversed and remanded.*