IN RE ESTATE OF EDWIN A. DURHAM, *Deceased.*

(No. 8447)

Submitted April 20, 1937. Decided June 8, 1937.

2

*J. Hanford McCoy, Henry P. Snyder* and *Ritchie, Hill & Thomas,* for plaintiff in error.

*I. M. Underwood* and *Hoffheimer & Stotler,* for defendant in error.

KENNA, PRESIDENT:

This writ of error involves a settlement of the estate of Edwin A. Durham. There seem to have been several references in the County Court of Tyler County to commissioners of accounts, the detailed recital of which would serve only to complicate the statement of the question for decision. On April 24, 1935, O. B. Conaway, the last commissioner of accounts to whom the settlement of the estate was referred, filed his report in the County Court of Tyler County. This report disallowed the claim of W. H. Fitzgerald, the plaintiff in error here. On June 4, 1935, the County Court of Tyler County affirmed the report of O. B. Conaway, commissioner of accounts, after a hearing of Fitzgerald's exceptions to that report. On July 16, 1935, a writ of error was allowed by the Circuit Court of Tyler County and on December 5, 1935, that writ of error was dismissed on the ground that there was no certification of the record made up in the County Court of Tyler County upon the writ of error to the Circuit Court of that county. To the latter order, W. H. Fitzgerald prosecutes the present writ of error. It is necessary to consider only the assignment of error involving the dismissal of the writ of error in the circuit court.

There is no question presented in this case concerning the time within which the petition for a writ of error was filed in the circuit court, nor is there any question in this case concerning the time within which the papers relied upon by the plaintiff in error as constituting the record in the county court were presented in the circuit court. The petition for the writ of error, accompanied by the papers claimed to constitute the record in the county court, was presented in the circuit court within four months from the time of the entry of the final order in the county court. This purports to be the

whole record. Therefore, the question presented here is simply whether the papers filed with the petition for the writ of error in the circuit court were authenticated in such manner as that they may now be regarded as in fact constituting the complete record made in the county court. If they may be so regarded, then the order of the circuit court dismissing the writ of error there must be reversed. On the other hand, if the papers filed with the petition for the writ of error in the circuit court were not authenticated in such manner as that they could be taken in fact as constituting the entire record made in the county court, then the order of the circuit court dismissing the writ of error in that court must be affirmed.

We have already held in the case of *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246, that Code, 58-3-4, 58-3-1 and 44-2-19, are to be read together for the purposes of determining the method of "appeal" in cases of this kind. Those sections quite clearly indicate that the procedure is on the law side of the court, and this court has more than once declared that the review of the final order of the county court under Code 44-2-19 is by writ of error. The plaintiff in error upon this review depends upon a certified copy of an order entered in the County Court of Tyler County on June 4, 1935, as being sufficient to identify all of the papers that made up the record in the county court, and also sufficient to authenticate the record in the county court for the purposes of the writ of error to the circuit court. This order is drawn in the form of an order in chancery and simply recites that the cause came on to be heard upon the will of Edwin A. Durham, duly probated, and the record of probate; the inventory and appraisement of the estate; the settlement of the personal representatives; the reports of the successive commissioners of accounts; the notice to creditors and beneficiaries; all claims against the estate, including that of Fitzgerald; the counter-affidavit of the personal representatives denying that claim; the order of reference to Conaway, commissioner of accounts; Conaway's report of claims, and all the papers appended thereto, including the evidence taken before Conaway and deposi-

tions taken before Boreman, commissioner of accounts, all of which had been filed and were by the order made a part of the record; upon the former reports of commissioners Brennan and Boreman; upon the exceptions to the report of Conaway, filed by Fitzgerald, and upon all papers formerly read and all orders theretofore made and entered by the county court in the cause.

It is not necessary in this case to pass upon the question of whether the order of June 4th is sufficient to make the proof described in it a part of the record without a bill of exceptions or a certificate in lieu of a bill of exceptions, because we are of the opinion that even if this order should be regarded as sufficient to identify the papers that it names and to make the proof a part of the record, it is not sufficient to properly authenticate all of the papers going to make up the record and to certify the fact that the record made up from its recitals is all of the record in the county court. Going, for the sake of argument, as far as we may to accord with the contentions of the plaintiff in error, it is perfectly true that the recital in a chancery decree to the effect that the cause came on to be heard upon a certain paper is sufficient to make that paper a part of the record. *Rosset* v. *Greer,* 3 W. Va. 1; *Barrett* v. *McAllister,* 35 W. Va. 103, 12 S. E. 1106. But what is the record that the paper becomes part of by virtue of such a reference? It surely does us no good to determine that the paper has become a part of the record if we have no means of authenticating that record itself. The question of determining what *constitutes* the record is a separate question from determining whether that record has been duly *authenticated* for the purposes of review. The latter question is the one that must be answered in this case. The order of June 4th is separately certified by the clerk of the county court, as are all of the other orders which appear in the printed transcript. There is no certificate of the clerk of the County Court of Tyler County as to what does in fact constitute the whole record in the case, nor as to what does or does not constitute all of the record thought sufficient for the purposes of this review.

Whether the matter of making up this record be viewed strictly as a procedure upon the law side of the court throughout, or whether it be viewed strictly as a procedure upon the equity side of the court throughout, or whether it be viewed as a more or less liberalized practice in the county court based upon a combination of the two, as is indicated in *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402, there must be no uncertainty as to what constitutes the record upon which the matters to be reviewed were heard in the county court. Under our procedure an appellate court, in its consideration of reviewable questions, is confined strictly to the record made in the lower court. It must consider every part of it and no more. In order to accomplish the purposes of a review the appellate court must have before it the identical questions based upon the identical pleadings and proof that were before the lower court. If this is not so, the exercise of the function of the appellate court is thwarted. It cannot be left to conjecture. It must appear affirmatively in a way that eliminates the chance that the record upon review will reflect a case different from that upon which the trial court reached its decision.

It has been pointed out that each of the orders found in the printed transcript in this case has been certified by the clerk of the County Court of Tyler County. The order entered in the county court on June 4th specifically identifies many of, but not all, the papers considered in the county court, particularly with reference to the Fitzgerald claim. But nowhere have we a certificate from the clerk of the County Court of Tyler County to the effect that certain papers constitute all of the record upon which the county court heard the case or that certain papers constitute all of the record upon which the questions relating to the Fitzgerald claim in the county court were heard.

In the absence of the certification by the clerk of the County Court of Tyler County that this record contains all of the papers in the case, or that it contains all of the papers in the case that relate to the Fitzgerald claim, which is the claim sought to be litigated upon this re-

6

view, we are bound to reach the conclusion that the writ of error to the circuit court was improvidently awarded because that court had before it no properly authenticated record of the proceedings in the County Court of Tyler County, and therefore that the writ of error was properly dismissed in the circuit court. The record must be certified by the clerk as being that upon which the matter under review was heard in the trial court. This is so regardless of statute. *Moyer* v. *Preston,* 6 Wyo. 308, 44 P. 845, 71 Am. St. Rep. 914, 925; *Campbell* v. *Reed,* 2 Wallace (69 U. S.) 198, 17 L. Ed. 779; *San Antonio & A. P. R. Co.* v. *Wagner,* 241 U. S. 476, 60 L. Ed. 1110, 36 Sup. Ct. 626.

For the reasons stated the judgment of the Circuit Court of Tyler County is affirmed, and the writ of error is dismissed.

*Affirmed.*