In Re: Estate of Michael G. Murphy, *Deceased*

(No. 10686)

Submitted January 18, 1955.  Decided March 1, 1955.

*Minter L. Wilson, Clarence Roby*, for plaintiff in error.

*Geo. R. Farmer*, for defendant in error.

GIVEN, JUDGE:

Questions involved in this proceeding relate to claims filed by James L. Herod against the estate of Michael G. Murphy, who died intestate. Three claims were filed by Herod: One for $1,200.00 for money advanced by him to Murphy; one for $2,250.00 for pasture and hay; and one for $44,400.00 "for work, labor and managerial services rendered and performed by the claimant to and for the said Michael G. Murphy during his lifetime, for the period of three hundred months immediately preceding the date of his death, at the rate of one hundred dollars per month for the period of the first one hundred fifty-six months, and at the rate of two hundred dollars per month for the period of the last one hundred forty-four months". Only the last mentioned claim is here involved, the others having been abandoned.

The commissioner of accounts to whom the estate was referred found that claimant had established an "express contract" between claimant and Murphy "whereby the decedent promised Herod that if he would stay on the farm and work for the decedent that said Herod 'was to have' or 'would get' the home farm. Apparently Herod and the decedent both understood this agreement was to be carried out by will of decedent or by conveyance effective at the death of decedent". The commissioner of accounts further found that the contract relating to the home farm related only to the surface of the home farm, appraised at $2,150.00, and allowed claimant that sum only. The appraisal of the estate shows the value of the surface and minerals of the home farm to be $30,391.50. The entire estate was appraised at $88,521.69. The county court con-

firmed the report of the commissioner of accounts. Upon writ of error to the circuit court, that court sustained the holding of the county court, in so far as it related to the contract to convey the home farm, but found further that claimant had established that Murphy was to pay claimant further consideration for services rendered, and that the statute of limitations, which had been timely pleaded, barred any recovery as to such further consideration except as to the five year period immediately prior to the death of decedent, and found that the reasonable value of such services for that period was $7,175.00. Judgment was entered by the circuit court in favor of claimant for $9,325.00, the reasonable value of such services for the five year period, plus the appraised value of the surface of the home farm. This Court granted claimant a writ of error to the judgment of the circuit court.

The first problem facing the Court is to determine whether the record of the proceeding before the county court was sufficiently identified before the circuit court. The record before the county court was not included in any formal bill of exceptions. Neither is there found in the record before this Court any certificate of the clerk of the county court, or of the commissioners of the county court, relating to the record. The order of the circuit court granting the writ of error from the order of the county court directed "that the Clerk of the County Court * * * do transmit the record pertaining to the claims of the petitioner, James L. Herod, to this Court * * *".

Code, 44-2-19, accords unto a person aggrieved by an order of the county court made on a hearing on a report of a commissioner of accounts, the right to present unto the circuit court a petition for "An appeal from the decision of such county court on such report and exceptions, and on the supplemental report and exceptions, if there be such supplemental report, may, without any formal bill of exceptions, be taken to the circuit court of the county. The appeal shall be tried and heard in the circuit court, or before the judge thereof in vacation, on the record

made before the commissioner and the county court." The procedure provided for review by a circuit court of such an order of a county court is by writ of error, not by appeal. *Ballouz* v. *Hart,* 96 W. Va. 580, 123 S. E. 402. Further provisions relating to such a review are provided by Article 3 of Chapter 58 of the Code. See *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246. Section 3 of that article permits the use of a formal bill of exceptions, in certain instances, at least, while Section 4 of that article provides that the petition to the circuit court for a writ of error "shall be accompanied by the original record of the proceeding in lieu of a transcript thereof".

*In Re: Estate of Edwin A. Durham,* 119 W. Va. 1, 191 S. E. 847, this Court held: "Upon writ of error from a circuit court to the judgment of a county court provided for by Code 44-2-19 and Code 58-3-1 according to the method prescribed in Code 58-3-4, the record must be authenticated by the certificate of the clerk of the county court showing that such record includes all of the matter upon which the county court acted in deciding the questions presented for review, or that it includes all of the papers in the case that were before the county court. Otherwise it is not error in such a proceeding to dismiss a writ of error which has been awarded by the circuit court on the ground the record required by Code 58-3-4 did not accompany the petition for a writ of error as required by that section." See *Ballouz* v. *Hart, supra; Barrett* v. *McAllister,* 35 W. Va. 103, 12 S. E. 1106; *Rosset* v. *Greer,* 3 W. Va. 1.

These authorities seem to make it clear that notwithstanding no formal bill of exceptions, or certificate in lieu thereof, is required in such cases, the record before the county court upon which the order was based must be authenticated or identified in some manner so as to make it reasonably certain that the record before the circuit court was the same record which was before the county court. The usual way of identifying the record in such a case is by certificate of the clerk of the county court, but the claimant insists that a stipulation signed by counsel for the respective parties, found in the record before this

Court, sufficiently identifies the record before the circuit court as being the record which was before the county court. The pertinent part of the stipulation reads: "It is agreed and stipulated * * * that the following portions of the record in the above case in which a writ of error was granted by the Supreme Court of Appeals of West Virginia on June 7, 1954, are all of the pertinent portions of said records necessary to a determination of the issues to be determined upon said writ of error and are all of the portions of said record which are to be printed * * *".

The Court is of the view that there is contained in the stipulation language which constitutes an agreement of the parties to the effect that the record before the circuit court was sufficiently identified as being the record which was before the county court. Had the record in the county court not been sufficiently identified, the record certified to this Court would not constitute "all of the pertinent portions of said records necessary to a determination of the issues" before this Court. It is true, of course, that parties can not by agreement vest jurisdiction of a particular proceeding in a court. See *Nolan* v. *Guardian Coal and Oil Co.*, 119 W. Va. 545, 194 S. E. 347; *Yates* v. *Taylor County Court*, 47 W. Va. 376, 35 S. E. 24. That, however, is not the question here. The parties merely agreed that what was done was sufficient to identify the record. It is further true that the probable primary purpose of the stipulation was to designate the particular portions of the record before the circuit court to be printed, in accordance with the provisions of Rule IV of the Rules of Practice in the Supreme Court of Appeals, as revised. There is no reason, however, that other pertinent matters agreed upon may not be incorporated in such a stipulation.

The administrator contends that the grounds of the exceptions of claimant to the report of the commissioner of accounts are not sufficiently certain to raise the questions posed by claimant. The only ground material here set out in the exceptions filed before the commissioner of accounts is: "Second Exception: For that said Commissioner allowed claimant, James L. Herod, the sum of

$2150.00 only on his claim in the amount of $44,400.00 for services rendered the said Michael G. Murphy within his lifetime". The administrator relies upon cases like *Poling v. Huffman,* 48 W. Va. 639, 37 S. E. 526, and *Kester v. Lyon,* 40 W. Va. 161, 20 S. E. 933. Under such authorities, to warrant a court in considering exceptions made to such a report, it is necessary that particular errors complained of be pointed out with reasonable certainty, so as to inform the Court as to what matters are complained of. Necessarily, the sufficiency of an exception to so inform the Court depends very largely upon the contents of the report excepted to, and the evidence or matters involved in each particular case. *Poling v. Huffman,* supra. In the instant proceeding, no evidence against claimant's contention as to the making of the contract between him and Michael G. Murphy was offered, and the principal, if not the only, contention between the parties related to the amount which the claimant was entitled to recover under the contract proved. Looking to the report of the commissioner, and considering the exception stated in the light thereof, we think there can be no doubt that the exception was sufficient to inform the Court of the error complained of.

From the evidence, it is clear that there was an express agreement, as found by the commissioner of accounts, between claimant and Murphy, to the effect that claimant was to perform services for Murphy during the lifetime of Murphy and was to acquire title to the home farm as the consideration for such services. A number of witnesses testified to that effect, and no witness testified to the contrary. But did claimant establish any agreement whereby he was to receive any consideration other than the home farm for such services? One witness, Messenger, testified that Murphy "said that he had promised James if he would come out of the mines he would give him the farm at his death, and he would also compensate him for his labor". Another witness, Moody, testified that "Murphy has told me that Jimmy—he would give him the home place, and would take care of him for his services". Several witnesses of claimant, however, testified to the effect that

claimant was to "have the farm for his pay for his work that had been rendered" to Murphy. The evidence of these witnesses would seem to clearly negative the slight evidence tending to show that claimant was to receive any consideration for his services other than the home farm.

In *Furman* v. *Hunt*, 135 W. Va. 716, 65 S. E. 2d 1, this Court held: "2. To establish a contract, express or implied, to pay compensation for personal services rendered a deceased person in his lifetime, as against his estate, the evidence and circumstances in support thereof must be clear and convincing." See *Gray* v. *Marino*, 138 W. Va. 585, 76 S. E. 2d 585; *Root* v. *Close*, 83 W. Va. 600, 98 S. E. 733. In the light of these authorities, we hold that the evidence of claimant clearly established only the contract whereby claimant was to obtain title to the home farm as full consideration for services rendered by him to Murphy. That a claimant may recover on such a contract can not now be questioned. *Jefferson* v. *Simpson*, 83 W. Va. 274, 98 S. E. 212. In the case just cited it was held: "8. The measure of damages in a suit for breach of a valid contract to make a will is the sum stipulated in the contract or the value of the property contracted for." See *Rauschenbach* v. *Estate of McDaniel*, 122 W. Va. 632, 11 S. E. 2d 852; *Smith* v. *Pew*, 116 W. Va. 734, 183 S. E. 53. Since claimant is entitled to recover in this proceeding only in accordance with the contract established, and only to the extent of the value of the home farm at the time of the death of decedent, it becomes necessary to determine whether the contract proved included the entire interest of Murphy in the farm, not just the surface thereof.

The parties apparently agree, and we think rightly, that the contract to convey the home farm would constitute an agreement to convey, at least, the entire interest owned by Murphy at the time of his death, not merely the surface, unless the contract contained some restriction, reservation or qualifying words. See *Gay Coal & Coke Co.* v. *Chafin*, 116 W. Va. 262, 180 S. E. 95; *Murphy* v. *Vanvoorhis*, 94 W. Va. 475, 119 S. E. 297; *Bartlett* v. *Petty*, 93 W. Va. 608, 117 S. E. 551; *Lott* v. *Braham*, 92 W. Va. 317,

116 S. E. 513; *Morrison* v. *Clarksburg Coal and Coke Co.,* 52 W. Va. 331, 43 S. E. 102, 35 L.R.A., N.S., 766n; Code, 36-1-11. While principles announced in these authorities relate to actual conveyances, no good reason appears why such principles should not control, generally, at least, agreements to convey. There is evidence in the record to the effect that Murphy had leased some of the coal, and that some of the coal had been sold and removed in his lifetime, pursuant to the terms of the lease. These facts, however, would not necessarily indicate an exception or reservation. A witness, Hoskinson, testifying on behalf of claimant, testified that Murphy had made the statement to the witness that he, Murphy, wanted the witness "and Jimmy, 'to have the coal, and see what you can get out of it * * *' ". The statement would seem to give little, if any, support to the contention of the administrator, since the record discloses that the witness owned an undivided interest in one vein of the coal underlying the farm. Obviously, if Murphy would give the remaining interest in the coal to claimant, the witness and claimant would "have the coal". There is slight evidence in the record to the effect that Murphy intended claimant to have the coal, other than the use of the language referring to the home farm, or home place. Upon consideration of all the evidence relating to the point, we are forced to the conclusion that the parties intended that claimant was to obtain ownership of the surface and all minerals thereunder owned by Murphy at the time of his death, at least, and that claimant was entitled to recover upon the claim filed by him before the commissioner of accounts, in form and effect required by the statute, a sum not greater than the value of the home farm at the time of the death of Murphy, including surface and minerals.

As before noted, the statute of limitations was pleaded against the claim filed by claimant. The further arguments in support of the plea rest upon contentions relating to that part of the contract whereby claimant contends that he was to receive compensation other than the home farm for his services. Since claimant has failed to clearly

establish that feature of the contract, we need not answer the questions posed as to such feature. There appears to be no serious controversy as to the time of the commencement of the running of the statute of limitations as to a contract of the nature of the one proved. Obviously, there could be no breach of the contract by the promissor, and the accruing of no cause of action in favor of claimant, before the death of the promissor. See *In Re: Estate of Scott,* 122 W. Va. 352, 9 S. E. 2d 528; *Hotsinpiller* v. *Hotsinpiller,* 72 W. Va. 823, 79 S. E. 936; *Cann* v. *Cann's Heirs,* 45 W. Va. 563, 31 S. E. 923; *Cann* v. *Cann,* 40 W. Va. 138, 20 S. E. 910.

Other questions raised by claimant, or on cross-assignments of error, relate particularly to the recovery permitted by the trial court on the basis of a contract, whereby claimant was to receive compensation for his services other than that of the farm. A discussion of such questions is rendered unnecessary by the holding herein that no such contract was proved by claimant.

The judgment of the Circuit Court of Monongalia County and the judgment of the county court of that county are reversed; the proceeding is remanded to the circuit court for further proceedings in accordance with the conclusions herein reached, and in accordance with the provisions of Code, 58-3-7.

*Reversed and remanded with directions.*