*In Re:* O. M. HESS ESTATE

(No. 12143)

Submitted September 11, 1962.   Decided December 4, 1962.

444

*James W. Pyles, Robert E. Wright,* for plaintiff in error.

*Steptoe & Johnson, Ernest C. Swiger,* for defendant in error.

BROWNING, JUDGE:

Appellant, residuary legatee under the will of O. M. Hess, was granted a writ of error by the Circuit Court of Tyler County to an order of the County Court of that county confirming the report of a commissioner of accounts in allowing a claim in behalf of Rose Hess in the amount of $6,000.00 against the estate of O. M. Hess. Thereafter, on March 20, 1961, the circuit court, on motion of the appellee, dismissed the writ of error as improvidently awarded on the ground that the record had been improperly authenticated by the clerk of the county court, to which judgment this Court granted a writ of error on November 13, 1961. Thus, the sole question presented is the sufficiency of such authentication.

The certificate of the clerk is as follows:

> "I, Ray F. Henderson, Clerk of the County Court of Tyler County, West Virginia, do certify, that the attached papers constitute all of the papers and matters pertaining to the appointment, qualification and proceedings of Cliff Wilson as the Executor of the Estate of O. M. Hess, as well also all papers and matters pertaining to the claims and opposition thereto of Rose Hess, Lillie Maple as Agent for Rose Hess, and Edna Holdren as Committee for Rose Hess an incompetent, as the same appears of record in my office.
>
> "The papers and matters are as follows:
>
> . . ."

Then follows a list of 25 described papers. In addition to the above certificate each paper was individually certified as being a true copy of the instrument as it appears of record in the clerk's office.

It is admitted in appellant's petition that 6 of the items so certified are true copies while the remainder are the original instruments.

Code, 44-2-19, provides that a person aggrieved by an order of a county court entered upon a report of a commissioner of accounts has the right to petition the circuit court of the county for an "appeal" from such decision, and that such "appeal" shall be ". . . tried and heard in the circuit court . . . on the record made before the commissioner and the county court." The remedy thus provided is by writ of error not an "appeal". *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402; *Williamson* v. *Hays*, 25 W. Va. 609. This section of the code has been held to be in *pari materia* with Code, 58-3, sections 1 and 4, [*Miller* v. *Miller*, 117 W. Va. 138, 184 S. E. 246] the last cited section providing that such petition for an "appeal" shall be presented within four months and be accompanied "by the original record of the proceeding in lieu of a transcript thereof. Such original record shall be understood as including all papers filed in the proceeding, certified copies of all orders in the proceeding, copies of which are not in the files, and all matters included in bills of exceptions or certificates in lieu thereof. . . ."

In *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402, decided in 1924 under the previous statute which provided that: "With such petition there shall be a transcript of the record and proceedings in the county court. . . .", the fourth syllabus point states: "A writ of error (or appeal) awarded upon petition, not accompanied by a proper transcript of the record in the county court should be dismissed on motion of defendant in error." In the opinion the Court said, quoting from *Sterringer* v. *Mackie & Co.*, 57 W. Va. 63, 49 S. E. 942: "A transcript, according to its derivation and as generally used and understood, is in effect a copy.", and queried, "What have we for 'a transcript of the record and proceedings' in the county court in this record?" The Court then identified the papers before it and quoted the certificate of the clerk that the "foregoing papers . . . *is* a true and correct copy of the order entered by the county court, Hart Bros. vs. A. C. Ballouz, as the same appears upon the records in my said office. . . .", concluding, "There is nothing in the certificate to show that these papers mentioned make a complete copy of the record, and proceedings. . . . We are

bound to hold that these are insufficient to constitute a transcript, such as is required under the statute."

In the later case of *In Re Estate of Edwin A. Durham,* 119 W. Va. 1, 191 S. E. 847, this Court held: "Upon writ of error from a circuit court to a judgment of a county court provided for by Code, 44-2-19 and Code, 58-3-1 according to the method prescribed in Code 58-3-4, the record must be authenticated by the certificate of the clerk of the county court showing that such record includes *all of the matter upon which the county court acted* in deciding the questions presented for review, or that it includes *all of the papers in the case that were before the county court.* Otherwise it is not error in such a proceeding to dismiss a writ of error which has been awarded by the circuit court on the ground the record required by Code 58-3-4 did not accompany the petition for a writ of error as required by that section." (Italics supplied.) In the opinion the Court said: ". . . The question of determining what *constitutes* the record is a separate question from determining whether that record has been duly *authenticated* for the purposes of review. . . There is no certificate of the clerk of the County Court of Tyler County as to what does in fact constitute the whole record in the case, nor as to what does or does not constitute all of the record thought sufficient for the purposes of this review. . . ." and went on to say ". . . there must be no uncertainty as to what constitutes the record upon which the matters to be reviewed were heard in the county court. Under our procedure an appellate court, in its consideration of reviewable questions, is confined strictly to the record made in the lower court. It must consider every part of it and no more. In order to accomplish the purposes of a review the appellate court must have before it the identical questions based upon the identical pleadings and proof that were before the lower court. . . . It cannot be left to conjecture. It must appear affirmatively in a way that eliminates the chance that the record upon review will reflect a case different from that upon which the trial court reached its decision."

On the same day that the decision in the *Durham* case was handed down, June 8, 1937, the Court also decided the case of *In Re Estate of Sallie D. Kneeream*, 119 W. Va. 25, 191 S. E. 867, and held the certificate of the clerk to the effect "that the foregoing record is the original record of proceedings had before this Court. . . ." to be sufficient, and that the fact that the certificate was not physically attached to the papers representing the record—one of the grounds urged by the defendant in error, but denied by plaintiff in error, in the instant case—would not be considered inasmuch as there was no objection taken thereto in the circuit court nor any attempt to show that the record as presented did not embody the entire record made before the county court. We, likewise, reserve any ruling upon this question until properly presented. However, without deciding the point, it would seem to be the better practice to affix or attach all papers comprising the record in a case together with the certificate as to their authenticity.

This Court, after referring to the *Durham* and *Ballouz* cases, in *In Re: Murphy's Estate*, 140 W. Va. 539, 85 S. E. 2d 836, stated: "These authorities seem to make it clear that notwithstanding no formal bill of exceptions, or certificate in lieu thereof, is required in such cases, the record before the county court upon which the order was based must be authenticated or identified in some manner so as to make it reasonably certain that the record before the circuit court was the same record which was before the county court. . . ."

In the instant case the certificate of the clerk is to the effect that "the attached papers constitute all of the papers and matters pertaining to the appointment, qualification and proceedings of Cliff Wilson as the Executor of the Estate of O. M. Hess", which may or may not be germane to the issue asserted by appellant, "as well also all papers and matters pertaining to the claims and opposition thereto of Rose Hess . . . as the same appears of record in my office." The certificate thus purports to certify only so much of the papers and matters as appear "of record in my office". This, in no way, could be held to be a certification of "all papers filed in the

proceeding, certified copies of all orders entered in the proceeding, copies of which are not in the file, and all matters included in bills of exception or certificates in lieu thereof . . . " as required by Code, 58-3-4, or that such was the "original record of proceedings had before [the county court]", which was held to be sufficient in the *Kneeream* case. It purports only to certify the papers "as appears of record in my office". This is clearly insufficient to authenticate the record in the instant case as that upon which the county court reached its decision in confirming the report of the commissioner of accounts. The Circuit Court of Tyler County therefore did not err in dismissing the writ of error theretofore granted to plaintiff in error as improvidently awarded. It is unfortunate that plaintiff in error is thus denied a review of the case upon the merits. However, as was said in an analogous situation in *Elite Laundry Co.* v. *Dunn Hospital*, 126 W. Va. 858, 30 S. E. 2d 454, "It was the duty of the Clerk of the Common Pleas Court, not of the defendant, to transmit the petition and record there. Whether the failure of the clerk, for more than four months, to transmit these papers from himself as Clerk of the Court of Common Pleas to himself as Clerk of the Circuit Court was occasioned by himself or by the applicant does not appear, but there was, in fact, such a failure, and the Circuit Court, therefore, never had jurisdiction to consider the petition for the writ of error, and thus acquired no jurisdiction to award the writ or in any way review the case."

The judgment of the Circuit Court of Taylor County, entered March 20, 1961, dismissing the "appeal" as improvidently awarded, is affirmed.

*Affirmed.*