## CHARLESTON.

W. G. L. TOTTEN v. C. A. DAWSON et als.

(No. 5984)

Submitted October 4, 1927.    Decided October 11, 1927.

1.  WILLS—*Residuary Devise to Testator's Wife, to do With as She Saw Fit, Held to Pass Fee-simple Title (Code, c. 71, § 8).*

    A paragraph in a will to the effect that "All the rest of my property, real estate, personal and bonds to my wife Emma E. Heavner to do as she sees fit to do with the same" passes a fee simple estate.    (p. 275.)

    (Wills, 40 Cyc. p. 1580.)

2.  SAME—*Under Plain Intention to Devise Fee Simple, Subsequent Paragraph Relating to Disposition of Possible Residuum on Devisee's Death, Held Not to Affect Estate (Code, c. 71, § 8).*

    Where the plain intention of the testator, as gathered from a consideration of the entire will, was to create such an estate, it will not be defeated by a subsequent paragraph having for its purpose the disposition of a possible residuum on the death of the wife.    (p. 277.)

    (Wills, 40 Cyc. pp. 1577, 1587.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Upshur County.

Suit by W. G. L. Totten against C. A. Dawson and others for the construction of the will of George T. Heavner, deceased.    From a decree construing the will, plaintiff appeals.

*Reversed and remanded.*

*Young & McWhorter,* for appellant.

*Forman & Mitchell* and *O'Brien & Hall,* for appellees.

WOODS, JUDGE:

A bill was filed in the circuit court of Upshur county by appellant W. G. L. Totten, the only brother of Emma E.

Heavner, intestate, for the purpose of ascertaining whether his sister, under the will of her husband, George T. Heavner, deceased, had taken the real and personal property bequeathed absolutely, or only a life estate therein. The sisters of Emma E. Heavner, deceased, or their descendants, together with the "brothers and sisters" of George T. Heavner, deceased, were made parties defendant to the suit. The circuit court found that Emma E. Heavner had taken only a life estate, and proceeded to fix the interests of the several defendants, and directed a partition of the property upon the basis of such finding. From this decree the present appeal was taken.

The question presented is: What estate did Emma E. Heavner take under the will? The will contained six short clauses. The first directed the payment of just debts and funeral expenses; the second, third, fourth and fifth, the payment of certain specific bequests; the sixth, after stating that none of the foregoing be paid until eighteen months after the will was admitted to record, provided:

> "All the rest of my property, real estate, personal and bonds to my wife, Emma E. Heavner, to do as she sees fit to do with the same.
>
> "The residue of property left at her death is to be one half to my brothers and sisters and their heirs, and the other half to her brothers and sisters and their heirs."

The ultimate question for decision turns upon the construction of the two quoted paragraphs. By the earlier common law it was an established rule that a devise of lands, without words of limitation, conferred upon the devisee an estate for life only. An exception was soon recognized in the case of a will so that an estate in fee could be given without the use of the technical words required in a conveyance or deed. The gift in such case was known as an executory devise. Modern legislation has largely abolished the former rule, so that words of inheritance or perpetuity are no longer necessary to devise a fee. Ordinarily, however, the technical signification of words and technical rules must yield to the obvious

intent of the testator as gathered from the instrument as a whole. All rules are designed for that purpose. *Couch* v. *Eastham,* 69 W. Va. 710. Rules of construction have their legitimate function when they are needed to understand the purpose intended to be embodied in the language used in the will. They take hold only where uncertainty commences and let go where it ends, and cannot control or vary the intent.

It is a well settled doctrine of the law, sustained by all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. While a different rule prevails in many jurisdictions in cases where property is given expressly for life with power of disposing of the reversion annexed—the first taker having but an estate for life with the super-added power—this Court has gone to the extent of declaring that where such power may be exercised in any way the devisee may choose, he enjoys all the rights of fee simple ownership, and must be decreed to be vested with the fee simple title. *Surety Company* v. *Jarrett,* 95 W. Va. 423, and cases there cited.

Was the estate in the instant case given generally or indefinitely, with power of disposition? If so, such gift carries the entire estate. In the will before us we have a residuary clause covering by its terms the whole of the testator's estate not disposed of by antecedent provisions: "All the rest of my property, real estate, personal and bonds to my wife." If it was intended that the wife should enjoy a life estate only in the *residuum,* the testator failed to use express words to effect such a purpose. The phrase, "to do as she sees fit to do with the same", likewise, when unqualified, implies complete dominion. In the absence of any qualifications or restrictions it includes every incident of absolute ownership. The wife was empowered thereunder to deal in an absolute and unrestricted manner with the property given. Omitting the last quoted expression, the paragraph reads: "All the rest of my property, real estate, personal and bonds to my wife." That of itself unquestionably was sufficient to pass absolute title to all the property to which it applied. But.

does the addition of the phrase "to do as she sees fit to do with the same" carve the gift down to a mere life estate? Our statute provides that where real estate is devised to any person without words of limitation, such devise shall be construed to pass the fee simple or the whole estate or interest which the testator had power to dispose of in such real estate, unless a contrary intention shall appear by the will. Code, Chapter 71, Sec. 8. The words last quoted are surely not words of limitation. Giving them their usual meaning, was not the wife endowed with all the power over the property that is possessed by an absolute owner thereof? To our mind they admit of no other construction. As we have shown, we are committed in this State to the doctrine that, even where such power is super-added to an express life estate, it vests in the devisee or legatee an absolute estate in the property. How much stronger is the present case where this power of disposal is added to a plain grant!

Under the paragraph, as a whole, the wife took the property absolutely. But, the intention of the testator is to be gathered from a consideration of the entire will. This brings us to the next question. Was the estate created by the first paragraph cut down to a life estate by the one which followed? A clear gift can only be controlled and cut down by unambiguous and unequivocal language, and not by words of doubtful import not necessarily irreconcilable with the intention first expressed. The court will, when in doubt, justly prefer that construction of any subsequent clause which will make it consistent with the plainly expressed intention to devise or bequeath an absolute estate. *Smith* v. *Schlegel,* 51 W. Va. 245; 28 R. C. L. § 206. For example, where an estate is given by a will to A and his heirs, and if he should die without issue living at his death, then so much of the estate as may remain undisposed of by A, to B; the limitation over is void for uncertainty, and because the power to dispose of the property gives A an absolute estate. *Riddick* v. *Cahoon,* 4 Rand. 547. This Court, in commenting on this case in *Stout* v. *Clifford,* 70 W. Va. 178, said: "Here was an absolute gift, not for life, and under the principle that when an absolute estate is given and one inconsistent is given, the latter is

repugnant and void.'' This Court in *Rau* v. *Krepps,* 101 W. Va. 344, held in effect that, where the absolute gift of property in one paragraph of the will is clearly and positively expressed, a subsequent repugnant provision will not be construed to limit the bequest to a life estate. In the last mentioned case we were only following the rule laid down years before in *Milhollen's Adm'r.* v. *Rice,* 13 W. Va. 510, 519, by Judge GREEN: ''It is settled, that if a testator gives property to a devisee or legatee, to use or dispose of at his pleasure, that is to consume or spend, sell or give away, at his pleasure, such devisee or legatee has a fee simple or absolute property, even though his interest in it be called by the will a life estate, and there be a provision in the will, whereby what may remain of the property at the death of the devisee or legatee, is given to another person.'' This rule was followed and applied in *Wilmoth* v. *Wilmoth,* 34 W. Va. 426. In the latter case it was held that the clause giving to the wife property ''to be hers absolutely, to be used by her in any way or manner she may wish for her own comfort and for the comfort and benefit of our two children'' gave the wife an absolute estate, although there was a subsequent clause directing ''that in case of the death of my wife and also my two children without any heirs, that my estate, both real and personal, be placed under the control'' of a conference of a certain church for a specific use. The bequest in the instant case being absolute without any words of limitation, as marked the two last mentioned cases, makes it a stronger one. Suppose the wife ''saw fit'' to sell, give away, use or otherwise dispose of the property she took under this will; there would have been no residue. As we view it, the dominant intention of the testator was to vest his wife with complete power to do this. The interest of the wife was uppermost in his mind. The bequest as to the residue after her death simply served to express a wish as to where such residuum, if any, should go. It provided only for a possible contingency. It was only in case of a residue that there could be any conflict. There is not the irreconcilable conflict between the two paragraphs of the sixth clause as would justify us, when viewing the will from its four corners, in holding that the last paragraph will

prevail. To give it the construction contended for by the testator's brothers and sisters would be to render nugatory the plainly expressed intention of the testator to give his wife absolute control of the property. As we said in *Wise* v. *Hinegardner*, 97 W. Va. 588, even when two clauses are absolutely irreconcilable, the latest will "usually, but not always prevail". This is a case where an application of the rule sought to be invoked by appellees would defeat the plain intention of the testator. It is not controlled by any of the cases cited by them. So much depends upon the words, arrangement, and circumstances of each particular instrument, that it was said more than two centuries ago "that cases upon wills had no brothers". The cases we have already adverted to more nearly govern the one under consideration.

In the light of the decisions, and the rules of construction evolved therefrom, Emma H. Heavner is given by the will under consideration the absolute power to use and consume the entire *residuum* of her husband's estate, and therefore, she took a fee simple.

*Reversed and remanded.*