### WARNKEN v. WARNKEN et al.

#### No. 8488.

Court of Civil Appeals of Texas. Austin.

April 21, 1937.

Rehearing Denied May 5, 1937.

936

George L. McGhee and Wilmot F. Warner, both of Houston, for appellant.

Moss & Moss, of LaGrange, for appellees.

BAUGH, Justice.

Appeal is from a judgment of the district court denying probate of an instrument offered as a holographic will of August Warnken, deceased, in a trial to that court on appeal from the order of the county court admitting the instrument to probate as a will. The district court held that the writing offered was testamentary in character, but that it had been revoked by a subsequent codicil to a former will which had already been duly probated when the instrument here involved was offered for that purpose.

There is no controversy over the facts which are as follows: On October 22, 1927, August Warnken duly executed his will in which he devised one-half of his property to his granddaughter, Margaret Louise Warnken; one-fourth to his son Charles; and one-fourth to the children of Charles Warnken. Subsequent thereto he married Edith Birdwell, and on February 25, 1930, he added a holographic codicil to said will which made no changes in the devisees made in the original will, but which recited, "I do by this writing * * * state that whereas I have given my beloved wife Edith Birdwell Warnken during my life time lots 3 and 4 in Block 507, in the Faison and Ligon Addition in LaGrange, Texas, by deed as her separate property, in lieu of a bequest after my devise, that she, or any one, through or by her shall not receive anything further out of my estate."

In chronological sequence the instrument here involved was next executed. It consisted of a $1,000 bond owned by August Warnken placed in a sealed envelope on the outside of which he had written the following: "The contents of this envelope to be opened at my death is a gift to Edith from dad. August Warnken 11/26/32." This envelope was never delivered to Edith Birdwell Warnken. Prior to his death August Warnken had caused the envelope to be opened and had clipped some of the interest coupons from the bond, but had replaced the bond in the envelope and returned same to his locked box in the bank, where it was found after his death.

On December 5, 1934, some two years thereafter, August Warnken duly executed before witnesses another codicil to his original will, reciting his former holographic

codicil, but making no specific reference to the bond above mentioned, wherein he created a trust estate for the benefit of a stepdaughter, the youngest child of Edith Birdwell Warnken, changed one of the executors named in the original will, reaffirmed the provisions of such original will as modified by such second codicil, and in section 3 of this codicil provided: "As indicated by my said codicil of date February 25th, 1930, and as of record now is manifested, I have heretofore given and conveyed to my present wife, Edith Birdwell Warnken, lots 3 and 4, in Block No. 507, Faison and Ligon Addition, City of LaGrange, in Fayette County, Texas, and certain other real estate, as a part of her separate estate and to her sole and separate use, and have also otherwise amply provided for her, through certain insurance policies I hold and carry, and otherwise, and for which reasons I make no special bequests or devises ,to her by will."

The questions presented on this appeal by the assignments of the appellant, proponent of the instrument here involved and beneficiary thereunder, and by cross-assignments of the appellees, who are executors named in the codicil last executed, are: (1) Whether the instrument in question was testamentary in character or was intended merely a gift inter vivos which failed because never delivered; and (2) if testamentary, whether it was revoked, as held by the trial court, by -the terms of the last codicil above referred to.

■ It is now settled law that a mere intention to make a gift in future without delivery does not pass title to property to the intended donee. 21 Tex.Jur., § 10, p. 30, § 49, p. 68. No title passes under a gift without delivery actual or constructive of .the property in question. In the instant case manifestly no title to the bond in question passed, or was intended to pass, in præsenti to the wife of Warnken. It would have been a simple matter, had he intended it as a gift inter vivos, for him to have indorsed or delivered the bond to his wife. On the contrary, he kept it in his possession and exercised control and ownership of it, detaching and collecting the interest coupons, after he had executed the writing in question.

■■ It is likewise clear, we think, that it was the intent and purpose, as concluded by the trial court, that upon his death the ownership of the bond in question was to pass to his wife. In holographic instruments neither the form of the document nor the words used by the writer are of controlling importance if its genuineness is certain, and the intention of the maker is clear. We think it cannot be seriously doubted that it was the purpose and intent of Warnken that, after his death, but not until then, his wife was to have the bond in question. The case here presented bears a close analogy and similarity to the one presented in Adams v. Maris (Tex.Com. App.) 213 S.W. 622, and the rule therein announced and quoted from Ferguson v. Ferguson, 27 Tex. 339, 343, is clearly applicable here. While the language used, "is a gift to Edith from dad," was in the present tense, the fact that Warnken kept possession of the bond and collected the interest on it, when considered in connection with the further proviso, "to be opened at my death," clearly indicates, and should be construed to mean, that upon his death the inclosed bond should become the property of his wife. To our minds it is susceptible of no other reasonable interpretation; and when so construed, it was testamentary in character and entitled to probate, unless subsequently revoked, as held by the trial court. See 44 Tex.Jur., § 2, p. 542; § 11, p. 654.

■ We have concluded that the trial court was in error in holding that this holographic instrument was revoked by the codicil of December 5, 1934. Its testamentary character having been established and the bequest being clear and specific, the rule is well settled that it will not be held to be revoked by a subsequently executed will or codicil unless such intent is clearly or expressly manifested in the later will; or unless the provisions of the subsequent instrument conflict with, or are clearly inconsistent with or repugnant to, the former. McElroy v. Phink, 97 Tex. 147, 76 S.W. 753, 77 S.W. 1025; Watson v. Lindsley (Tex.Civ.App.) 2 S.W.(2d) 339; Aschenbeck v. Aschenbeck (Tex.Civ.App.) 62 S. W.(2d) 326; Neibling v. Methodist Orphans' Home Ass'n, 315 Mo. 578, 286 S.W. 58, 51 A.L.R. 639, and notes thereunder; 44 Tex.Jur., § 100, p. 643.

The original will was executed before August Warnken married Edith Birdwell Warnken. After he had done so he clearly recognized his obligation to her in his first holographic codicil. The instrument here involved manifested an intention to further provide for her. And this purpose on his part is shown to have been enlarged and supplemented by the codicil of December

5, 1934, 'for, in addition to the conveyance to her of the real estate described in the first codicil, the second codicil, in explanation of his reason for not providing for her further by these codicils recited, "I * * * have also otherwise amply provided for her, *through certain insurance policies I hold and carry, and otherwise,* etc." (Italics ours.) While it is true that in this second codicil he specifically referred to and identified the original will, and the first codicil thereto, but made no reference to the bond and the indorsement on the envelope here involved, there is no express provision in such second codicil in any manner revoking such instrument, nor indicating any intention on his part that his wife was not to have this bond after his death. Nor was there any implication to that effect, unless it be the recital, "for which reasons I make no special bequests or devises to her by will." It is to be noted that after he had conveyed to her certain real estate, the only property described in the first codicil, he recited in the second codicil, in addition thereto, that he had amply provided for her "through certain insurance policies I hold and carry, and *otherwise.*" The use of the word "otherwise" after naming the properties he had set aside or provided for her use and benefit, *clearly implies something* additional to the things specifically named. It is entirely probable, and doubtless was the opinion of the testator, that the instrument here involved and the bond it described was not considered by him as a will or a bequest, and that it was what he had in mind when the word "otherwise" was added in the second codicil. He doubtless considered it as vesting in his wife upon his death, without making any further reference to it in the codicil of December 5, 1934. Under such circumstances, therefore, the language used in such codicil, instead of revoking the testamentary bequest of November 26, 1932, which was probably not considered by Warnken at the time as being testamentary in character, rather recognizes it in the use of the term "otherwise" and negatives an intention to revoke it.

Failure of a testator in one codicil to refer to a former codicil does not revoke the former codicil. Eubank v. Moore (Tex.Com.App.) 15 S.W.(2d) 567; Adams v. Maris, supra. Nor does the fact that a testator does not realize that he is making a will and does not so consider the instrument so executed, deprive such instrument of testamentary character or prevent its probate, if in fact and in law it constitutes a testamentary disposition of his property. Adams v. Maris, supra; Barnes v. Horne (Tex.Civ.App.) 233 S.W. 859; Merrill v. Boal, 47 R.I. 274, 132 A. 721, 45 A.L.R. 830; 44 Tex.Jur., § 111, p. 655.

 We conclude, therefore, that the instrument here involved was testamentary in character, was properly proven, and that the codicil of December 5, 1934, did not revoke it. There is no contention that it had been revoked otherwise. The judgment of the trial court is therefore reversed, and judgment here rendered for appellant, admitting said will to probate.

Reversed and rendered.