**KOTULA v. KOTULA et al.**

No. 11689.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 26, 1947.

Rehearing Denied March 26, 1947.

Reynolds N. Cate, of San Antonio, for appellant.

Davis, Hall, Clemens & Knight and Theo F. Weiss, all of San Antonio, for appellees.

NORVELL, Justice.

On March 24, 1922, Mrs. Wilhelmina Kotula executed a will in which she provided that one-fifth of the residue of her estate should go to her son Edward B. Kotula.

On December 10, 1924, Mrs. Kotula executed a codicil reducing Edward B. Kotula's share of the residue from one-fifth to one-sixth of one-fifth.

On July 12, 1928, Mrs. Kotula executed a second codicil, reciting that she had a settlement agreement with her son Edward B. Kotula, and revoked any and all devises made to him by former testamentary declarations.

On November 9, 1932, Mrs. Kotula executed a third codicil in which she revoked two specific bequests theretofore made by her. This codicil contained the statement that, "In all other respects and save as herein changed, my last will and testament made by me on March 24, 1922, is reaffirmed and continued in full force and effect."

On November 4, 1945, Mrs. Kotula died. The original will and the three codicils were all admitted to probate. The executors named in the will, William E. Kotula and A. B. Stephens, duly qualified as such.

Edward B. Kotula brought this suit and contends that the execution of the third codicil had the effect of revoking the provisions of the first and second codicils relating to him, and reinstating by way of republication the terms of the original will which provided that Edward B. Kotula should take one-fifth of the residuary estate.

In Eubank v. Moore, Tex.Com.App., 15 S.W.2d 567, 570, Judge Nickels expressed certain opinions which might be construed as supporting appellant's position. These expressions were personal on the part of the writer of the opinion. This clearly appears from the following excerpt from the opinion: "A majority of the Commission, however, differ with me in respect to this particular matter and hold to the view that the three instruments must be taken as the 'last will and testament' of Mrs. Moore. In conference with the justices of the Supreme Court it appeared that their views and those of the majority of the Commission are alike."

The decision of the case was in accordance with the views of the majority of the Commission and the judgment recommended in pursuance thereof was rendered by the Supreme Court. Eubank v. Moore is an authority supporting the trial court's judgment. See also Warnken v. Warnken, Tex.Civ.App., 104 S.W.2d 935 and 68 C.J. 868, wherein it is stated that, "A mere

reference to the date of the original will is no indication of the intention to deprive all instruments other than the original will itself of any force; in fact, such a reference to a will does not effect a revocation of the antecedent codicils, but is a ratification of the will as modified by the codicils; * * *."

The trial court correctly held that Edward B. Kotula had no interest in the estate of Mrs. Wilhemina Kotula, deceased.

In view of this holding, it is unnecessary to notice other contentions raised by the briefs.

The judgment appealed from is affirmed.