WILLIAM FRENCH HUNT, *Admr., Etc.*

*v.*

LINNIE FURMAN, *et. al.*

(No. 10090)

Submitted January 19, 1949. Decided April 5, 1949.

RILEY and KENNA, JUDGES, dissenting.

*William French Hunt,* for plaintiffs in error.

*Hale J. Posten* and *Robert T. Donley,* for defendant in error.

LOVINS, JUDGE:

Did Eva B. McVicker make a valid bequest of the contents of an envelope by writing thereon the words "For Linnie Furman in case of my death. Eva B. McVicker."? That is the controlling question presented on this writ of error.

Eva B. McVicker died September 20, 1947, in Monongalia County, the place of her residence, possessed of personal property afterward appraised at $14,254.92.

On October 1, 1947, the Clerk of the County Court of Monongalia County admitted to probate a letter purporting to be a testamentary disposition of her property. The letter, dated April 23, 1947, was addressed to Beulah Donahue as "Dear Beulah", and was signed "Aunt Eva." On motion of Beulah Donahue and Josephine M. Brice, daughters of the half brother of Eva B. McVicker and the beneficiaries named in such letter, William French Hunt, an attorney

at law, was appointed and qualified on October 2, 1947, as administrator with the will annexed of Eva B. McVicker.

Linnie Furman petitioned the County Court of Monongalia County on February 17, 1948, to compel the production and probate of an alleged codicil to such will. The alleged codicil was in possession of D. R. Richards, an executive officer of The First National Bank of Morgantown. In response to a summons issued by the county clerk, requiring the production of said codicil, D. R. Richards appeared on February 24, 1948, with the attorney for Linnie Furman, and offered for probate an envelope upon which was written, wholly in decedent's handwriting "For Linnie Furman in case of my death. Eva B. McVicker." At the time, counsel for Linnie Furman and the nieces of decedent stipulated that the envelope was opened by D. R. Richards on October 2, 1947, at the request of and in the presence of Linnie Furman, Hale J. Posten, her attorney, William French Hunt, administrator as aforesaid, Beulah Donahue and Albert J. Donahue, her husband. The sealed envelope contained the following: (1) Two postal savings certificates for $500.00 each, Nos. 4254 and 4255, dated August 7, 1947, Account No. 2901; (2) twenty shares of the preferred stock of American Sugar Refining Company, certificate No. J108399; (3) ten shares of $4\frac{1}{2}\%$ cumulative preferred stock of National Supply Company, certificate No. TPP0536; and (4) twenty shares of preferred stock of P. Lorillard Company, certificate No. C21115. The postal savings certificates and the certificates of corporate stock were registered in the name of Eva B. McVicker. An unsigned postal savings form was likewise found in the envelope upon which was written in the handwriting of Eva B. McVicker the name "Linnie Furman" as the beneficiary. The two postal savings certificates and the fifty shares of preferred stock were appraised at $8,002.50, more than one-half of decedent's entire estate.

At the time the envelope and contents were offered for probate, oral testimony was offered which established that

the words "For Linnie Furman in case of my death" were in the handwriting of decedent and the signature was hers.

The nieces of decedent and said administrator objected to the probate of the envelope and its contents. Neither Linnie Furman nor the nieces of decedent offered any additional evidence. The envelope and its contents were admitted to probate by the County Court of Monongalia County by order made on March 29, 1948.

On the petition of said administrator "an appeal" was granted by the Circuit Court of Monongalia County "from" the order probating the alleged codicil. Upon that "appeal" the litigants followed the procedure set up in Code 41-5-7, 8. No additional evidence was offered in the circuit court, and, the parties having waived a jury trial, the Circuit Court of Monongalia County affirmed the order probating said codicil and remanded the proceedings to the county court of that county. The administrator aforesaid prosecutes this writ of error in this Court.

The administrator prays for an appeal and supersedes in his petition filed in this Court. This Court, having heretofore held that a review of an order of a county court under Code, 58-3-1, is by writ of error, rather than appeal, granted, on the prayer of the petitioner, a writ of error. *Ballouz v. Hart,* 96 W. Va. 580, 123 S. E. 402; *In re Durham,* 119 W. Va. 1, 191 S. E. 847. It is to be noted that where a person seeks appellate relief from an order of a county court involving the probate of a will, detailed procedure is prescribed in Code, 41-5-7, 8, which provide for a trial *de novo* in the circuit court. Since no question is raised concerning the procedural steps disclosed by this record, we are not disposed to discuss further that phase of the case, and hold that Code, 58-3-1, authorizes a circuit court to award a writ of error to an order of a county court involving the probate of a will; and Code, 58-5-1 (b) authorized a writ of error from this Court to the order of a circuit court.

No reference having been made to the contents of the envelope, the cases construing wills referring to property "contained" in some receptacle, or disposing "of the contents" of a house, desk, envelope, safety deposit box, or other container, are inapplicable. See L.R.A. 1915C 653; 120 A.L.R. 1210.

The doctrine, briefed and argued by counsel, relating to the incorporation of separate papers in a will by reference thereto is also inapplicable, as the alleged testamentary writing in this case makes no reference to the stock and postal savings certificates.

Irregular testamentary dispositions often give rise to problems difficult of solution. We are called upon to determine what Eva B. McVicker intended by the signed writing on the envelope. No matter what decedent herein called the envelope and contents, the question is: What are their effect in law?

The intention of the testatrix must govern "* * * unless it contravenes some principle of law, and when not expressed, such intention may be ascertained by necessary implication from the will considered in its entirety. By necessary implication is meant a probability of intention so strong that an intention contrary to it cannot be imputed to the testator." *Runyon v. Mills,* 86 W. Va. 388, 103 S. E. 112. The intent of the testator, unless prohibited by some positive rule of law or public policy, should be given effect, if ascertainable. *Brookover v. Grimm,* 118 W. Va. 227, 190 S. E. 697.

If the testatrix intended to make a posthumous disposition of the property contained in the envelope, and such disposition meets the requirements of law, it is a valid testamentary act. *Langfitt v. Langfitt,* 108 W. Va. 466, 151 S. E. 715. "In the interpretation of a will the true inquiry is not what the testator meant to express but what the words used express." *Pack v. Shanklin,* 43 W. Va. 304, 27 S. E. 389.

In the instant case the words written by decedent on the envelope are of doubtful effect as evidencing an intention to dispose of the property by will. See Plumstead's App. 4 S. & R. 545.

A patent ambiguity exists in the testamentary language and we could not resort to parol evidence to show that decedent intended to bequeath the contents of the envelope. *Hobbs v. Brenneman,* 94 W. Va. 320, 118 S. E. 546.

But giving the words written on the envelope full testamentary effect, there is no description of the property intended to be bequeathed. Linnie Furman relies upon the fact that the postal savings certificates and the certificates of stock were physically inclosed in the envelope on which the writing appeared. It is noteworthy that the writing in no way designates or lists the contents of the envelope. A valid disposition of personal property requires a definite subject and object, and if either is uncertain, the defect is fatal. *Pack v. Shanklin, supra; Weaver v. Spurr,* 56 W. Va. 95, 107, 48 S. E. 852; *Arnett v. Trust Co.,* 70 W. Va. 296, 299, 73 S. E. 930; *Wotton v. Redd's ex'or et al.,* 12 Gratt, 196. Linnie Furman may have been the object of the bequest, but the writing on the envelope is wholly devoid of any description of the subject matter intended to be bequeathed.

In *Smith v. Smith* (Va.), 70 S. E. 491, a writing made on a page of a book reading as follows: "December 24, 1900 Everything is Lous. G. T. Smith, 314 South Patrick St. Ax Va." was refused probate as a holographic will of the testator, whose widow bore the name "Lula G. Smith". See *In re Perry's Will* (N.C.), 137 S. E. 145; *Fransioli v. Podesta* (Tenn.), 134 S. W. 2d 162; *Wiggins v. Wiggins* (Ala.), 2 So. 2d 402; and annotation 117 A. L. R. 1327.

In *Jacoby's Estate* (Pa.), 42 A. 1020, there was a signed writing on a box and unsigned indorsements on envelopes therein. The Court refused to probate the writing and indorsements as a codicil to testator's will.

In *Harrison's Estate* (Pa.), 46 A. 888, an indorsement on an envelope reading as follows: "June 21, 1897. Six bonds for brother John's three daughters, also one for my nephew John Beard, to be sold after my death. P. H. P. Harrison", was admitted to probate as a valid codicil to a will. See *In re Glass' Estate* (Pa.), 1 A. 2d 239; *Fosselman v. Elder,* 98 Pa. St. R. 159; *Warnken v. Warnken et al* (Tex. Civ. App.), 104 S. W. 2d 935; *Adams v. Maris* (Comm. of App., Tex.), 213 S. W. 622; *Henderson v. Henderson* (Va.), 33 S. E. 2d 181.

Considering the many and varied instances of irregular testamentary disposition, we think that a precedent for guidance in the instant case is difficult, if not impossible, to find. The facts in this case are not exactly the same as any case we have examined, thus confirming the aphorism: "Will cases have no brothers."

Whether the certificates were in the envelope when the words were written thereon and the signature affixed, we are unable to say. Nor can it be ascertained from this record whether such certificates were placed in the envelope with testamentary intent. Neither can we say at what time, in relation to the letter of April 23, 1947, the envelope was so inscribed, although the postal savings certificates post-dated the letter.

The lack of description of the subject matter of the alleged testamentary writing is fatal. Although there is some doubt about the dispositive effect of the words written on the envelope as hereinabove stated, giving them such effect, there would remain the fatal defect of description of the subject matter of the bequest, rendering the same void.

Accordingly, the judgment of the Circuit Court of Monongalia County is reversed, and the case is remanded to the County Court of Monongalia County with direction to vacate the order probating the writing on the envelope as a codicil to the will of Eva B. McVicker.

*Reversed and remanded with direction.*

RILEY, JUDGE, dissenting:

I respectfully disagree with the decision reached in the majority opinion of this Court in this case, for the reason that I think the words written and signed by Eva B. McVicker, in her own handwriting, "For Linnie Furman in case of my death. Eva B. McVicker", are legatary in character. The postal savings certificates being dated after the date of the McVicker letter, which was probated as the will of the decedent, Eva B. McVicker, were placed in the sealed envelope after that letter was written.

I agree with the majority opinion that in the absence of any reference to the contents of the envelope in the writing thereon, the cases cited by counsel for plaintiff in error construing wills, referring to property "contained" in some receptacle or disposing of the "contents" of a house, desk, safety deposit box, envelope or other container, are inapplicable. Likewise the doctrine of the incorporation of separate papers in a will by reference thereto, briefed and argued by counsel, has no application to this case.

This case is simply one where the words used by the testatrix indicate that she intended to have the written direction contained on the envelope effective at the time of her death. The writing expressly so states. Of course, as stated in the majority opinion "A valid disposition of personal property requires a definite subject and object, and if either is uncertain, the defect is fatal. *Pack v. Shanklin, supra,* [43 W. Va. 304, 27 S. E. 389]," and the other cases to like effect cited in the majority opinion. But here the object of the testatrix's bounty, namely, Linnie Furman, is expressly stated in the writing on the envelope, and the only question before us is whether the personal property involved is sufficiently identified to permit its passing by testamentary bequest as a codicil to the testatrix's last will and testament. If it has any testamentary character, it will necessarily serve as a codicil to the will as distinguished from testatrix' will itself. I say this because the postal

savings certificates, dated after the date of the McVicker letter, necessarily were sealed in the envelope after the date of the letter.

I am of opinion that the securities inclosed in the envelope were sufficiently identified so as to make the words written thereon, together with the contents thereof, testamentary within the meaning of our statute. *In re Glass' Estate*, (Pa.) 1 A. 2d 239, 117 A.L.R. 1322, it was held that the writing on the face of an unsealed envelope containing securities belonging to the writer, over which she had exercised control until her death, reading: "Property of Charles C. Gearhart * * * To My Executor — Please deliver enclosed to Mr. Gearhart at the above address", and signed by the purported·testatrix, followed by a notation written thereon "Held for safe keeping", is testamentary in character, and was properly admitted to probate. In *Warnken v. Warnken* (Tex. Civ. App.), 104 S. W. 2d 935, it was held that an envelope containing a bond, stating in the handwriting of the deceased that the envelope was to be opened at his death, and that the content thereof "is" a gift to his wife, is testamentary in character, though the envelope was kept in the possession of the decedent, who collected interest on the bond during his lifetime. In *Fosselman v. Elder, Ex'r,* 98 Pa. St. Rep. 159 (2 Outerbridge), it was held that a sealed envelope indorsed in decedent's handwriting "Dear Bella, This is for you to open", together with a promissory note for two thousand dollars and a paper in testatrix' handwriting: "Lewistown October 2, 1879. My wish is for you to draw this $2000 for your use should I die sudden.", and signed "Elizabeth Fosselman" in her own handwriting, constituted a valid testamentary disposition of the note operating as a codicil to the testatrix's will. There being no showing of fraud in the instant case, I think this record fully discloses that Eva B. McVicker intended by the exercise of her testamentary rights to bequeath the securities in question to Linnie Furman, and that the method by which she undertook to make this bequest would give opportunity

for fraud is of no moment. That opportunity is ever present in the case of testamentary dispositions.

I would affirm the judgment of the Circuit Court of Monongalia County.

I am authorized to say that Judge Kenna joins with me in this dissent.