E. C. WOODDELL, *et al*

*v.*

MARTHA F. FRYE, *et al*

(No. 11057)

Submitted September 8, 1959.    Decided November 17, 1959.

BROWNING, JUDGE, dissenting:

*A. E. Cooper, Arnold O. Weiford,* for appellants.

*Andrew Detch, John L. Detch, S. H. Sharp,* for appellees.

HAYMOND, JUDGE:

This is a suit in equity instituted in the Circuit Court

of Pocahontas County in April, 1958, to partition certain real estate owned by Amos Uriah Wooddell at the time of his death on September 3, 1940. He executed a will dated April 22, 1919 and admitted to probate October 2, 1940, by which he willed and bequeathed his property, both real and personal, to his wife Sadie Sue Wooddell who died testate on July 5, 1957. No children were born of the marriage between Amos Uriah Wooddell and his wife Sadie Sue Wooddell. In addition to his wife, Amos Uriah Wooddell was survived by four brothers, G. M. Wooddell, E. B. Wooddell, J. L. Wooddell and E. C. Wooddell, and three sisters, Cynthia Wooddell, Myrtle Alice Auldridge and Neely Baker. Cynthia Wooddell and J. L. Wooddell died intestate and without issue, leaving their surviving brothers and sisters and the children of any deceased brother and sister as their heirs at law.

The plaintiffs are E. C. Wooddell and his wife, and the children and the grandchildren of E. B. Wooddell, a deceased brother of Amos Uriah Wooddell, and their husbands and wives, and the defendants are Martha F. Frye and her husband, two other children of Myrtle Alice Auldridge, a deceased sister of Amos Uriah Wooddell, and her husband, the children of G. M. Wooddell, a deceased brother of Amos Uriah Wooddell, and their husbands and wives, Neely Baker, a sister of Amos Uriah Wooddell, and her husband, and Mary F. Hannah, a sister of Sadie Sue Wooddell. The plaintiffs and the defendants, other than Mary F. Hannah, claim to be the owners of the real estate of Amos Uriah Wooddell as his heirs at law and the defendant Mary F. Hannah claims to be the owner of such real estate as beneficiary under the will of Sadie Sue Wooddell, the wife of Amos Uriah Wooddell.

At the time of his death Amos Uriah Wooddell owned Lot 8 in Block 34 in Marlinton and an undivided one-half interest in Lots 14 and 15 in Block 45 in Marlinton and Sadie Sue Wooddell owned the other undivided one-half interest in those two lots. By her will, dated September 5, 1950 and admitted to probate July 11, 1957,

Sadie Sue Wooddell devised all the foregoing real estate to the defendant Mary F. Hannah.

The defendant Mary F. Hannah demurred to the bill of complaint and specified these grounds in support of the demurrer: (1) That the plaintiffs and the other defendants as heirs at law of Amos Uriah Wooddell have no interest in the foregoing real estate which is sought to be partitioned in this suit; (2) that the defendant Mary F. Hannah is the owner in fee simple of such real estate; (3) that under the will of Amos Uriah Wooddell, Sadie Sue Wooddell was devised such real estate in fee simple; and (4) that Sadie Sue Wooddell by her will devised such real estate in fee simple to the defendant Mary F. Hannah.

By decree entered July 7, 1958, the circuit court sustained the demurrer of the defendant Mary F. Hannah to the bill of complaint of the plaintiffs and, after the plaintiffs declined to amend the bill of complaint, dismissed this suit. From that decree this Court granted this appeal upon the petition of the plaintiffs.

The sole question to be determined is the meaning and the effect of the will of Amos Uriah Wooddell, a copy of which is filed as an exhibit with the bill of complaint.

The plaintiffs contend that under the will of Amos Uriah Wooddell his wife took only a life estate in his real estate; that at his death his real estate, subject to her life estate, passed by virtue of the statute of descent and distribution, Section 1, Article 1, Chapter 42, Code, 1931, to his brothers and sisters and their descendants and his wife; and that only an undivided one-eighth interest in such real estate was devised to the defendant Mary F. Hannah by the will of Sadie Sue Wooddell. On the contrary the defendant Mary F. Hannah insists that under the will of Amos Uriah Wooddell his wife took an estate in fee simple in his real estate; that the defendant Mary F. Hannah was given an estate in fee simple in such real estate by the will of Sadie Sue Wooddell; and that the plaintiffs and the other defendants as heirs at law of

Amos Uriah Wooddell have no interest or estate whatsoever in the real estate owned by him at the time of his death.

The will of Amos Uriah Wooddell, the meaning and the effect of which must be determined on this appeal, is couched in this language:

"I give and bequeath all my property of both personal and real to my wife Sadie Sue Wooddell, to be hers absolutely and the use of all *all* the of which I may die seized and possessed for and during her natural life; and it is my will that after her death my said real estate shall *dsend* to any *in* my children if there be any living share and share alike, and I do nominate my wife Sadie Sue Wooddell to the Executor herefore and request that she be not required to give *an* security to qualify as such."

Section 1, Article 3, Chapter 41, Code, 1931, expressly provides that a will shall be construed, with reference to the estate comprised in it to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will; and that section of the statute establishes a rule by which the intention of the testator may be ascertained. *Cuppett* v. *Neilly,* 143 W. Va. 845, 105 S. E. 2d 548; *McCauley* v. *Henry,* 143 W. Va. 770, 105 S. E. 2d 129. The general rule is that a will speaks and takes effect as of the time of the death of the testator unless the will plainly shows a contrary intention. *Cuppett* v. *Neilly,* 143 W. Va. 845, 105 S. E. 2d 548; *Tharp* v. *Tharp,* 131 W. Va. 529, 48 S. E. 2d 793; *McComb* v. *McComb,* 121 W. Va. 53, 200 S. E. 49; 95 C.J.S., Wills, Section 629. It does not appear from the foregoing will that the testator intended that it should not take effect at the time of his death and at that time there was not, and there never had been, any child of the testator. For this reason the condition in the will that after the death of Sadie Sue Wooddell the real estate of the testator should descend to any of his children "if there be any living share and share

alike" had not been and could not be satisfied. The testator knew that this situation existed and in consequence the foregoing provision of the will became entirely ineffective and could not in any manner whatsoever operate to vest any interest in the brothers or the sisters of the testator or in any other person.

The paramount rule in construing a will is that the intention of the testator controls and must be given effect, unless that intention violates some positive rule of law or public policy. *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727, and the many cases cited in the opinion in that case.

In ascertaining the intention of the testator, the entire will should be considered. *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Young* v. *Lewis,* 138 W. Va. 425, 76 S. E. 2d 276; *Ball* v. *Ball,* 136 W. Va. 852, 69 S. E. 2d 55; *Dingess* v. *Drake,* 135 W. Va. 502, 64 S. E. 2d 601; *Davis* v. *Davis,* 118 W. Va. 328, 190 S. E. 331; *Sweeney* v. *Security Trust Company,* 116 W. Va. 344, 180 S. E. 897; *National Bank of Fairmont* v. *Kenney,* 113 W. Va. 890, 170 S. E. 177; *Totten* v. *Dawson,* 104 W. Va. 274, 139 S. E. 858; *Woodbridge* v. *Woodbridge,* 88 W. Va. 187, 106 S. E. 437; *Furbee* v. *Furbee,* 49 W. Va. 191, 38 S. E. 511; *Hays* v. *Freshwater,* 47 W. Va. 217, 34 S. E. 831; *Graham* v. *Graham,* 23 W. Va. 36, 48 Am. Rep. 364.

The true inquiry in the construction of a will is not what the testator meant to express but what the words he has used do express. *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Ball* v. *Ball,* 136 W. Va. 852, 69 S. E. 2d 55; *Hunt* v. *Furman,* 132 W. Va. 706, 52 S. E. 2d 816; *Hobbs* v. *Brenneman,* 94 W. Va. 320, 118 S. E. 546; *Wills* v. *Foltz,* 61 W. Va. 262, 56 S. E. 473, 12 L.R.A., N. S., 283; *Pack* v. *Shanklin,* 43 W. Va. 304, 27 S. E. 389; *Couch* v. *Eastham,* 29 W. Va. 784, 3 S. E. 23.

In construing a will the intention of the testator must be ascertained from the words used by him, considered in the light of the language of the entire will and the circumstances surrounding the testator when he made his will. *Cuppett* v. *Neilly,* 143 W. Va. 845, 105 S. E. 2d 548;

*Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Young* v. *Lewis,* 138 W. Va. 425, 76 S. E. 2d 276; *Ball* v. *Ball,* 136 W. Va. 852, 69 S. E. 2d 55; *Wilcox* v. *Mowrey,* 125 W. Va. 333, 24 S. E. 2d 922; *Hobbs* v. *Brenneman,* 94 W. Va. 320, 118 S. E. 546; *Couch* v. *Eastham,* 29 W. Va. 784, 3 S. E. 23.

Considered in the light of the foregoing rules to be applied in the construction of a will, it is clear that the testator Amos Uriah Wooddell intended to give his wife a fee simple estate in all the real estate owned by him at the time of his death. The words "I give and bequeath all my property of both personal and real to my wife Sadie Sue Wooddell, to be hers absolutely" clearly and positively, without qualification or limitation, indicate his intention that she should take and hold all his real estate absolutely and in fee simple. The words "and the use of all *all* the of which I may die seized and possessed for and during her natural life;" which immediately follow the words which create a fee simple estate, do not conflict with, limit, diminish, or cut down that estate. The words which give her the use of all the property of which he may die seized and possessed during her natural life merely express and specify one of the usual incidents of an absolute fee simple estate which of course embraces and includes the complete use and enjoyment of such property. The words "and it is my will that after her death my said real estate shall *dsend* to any *in* my children if there be any living share and share alike," constituting a separate clause which immediately succeeds the provision relating to the use of the property by the wife during her natural life, deal with a future contingent event which to the knowledge of the testator had not occurred and could not possibly have occurred at the time of his death, and those words do not conflict with, limit, diminish, or cut down the fee simple estate created by the prior words which give the real estate of the testator to his wife "to be hers absolutely."

In Thompson on Real Property, Permanent Edition, Vol. 4, Section 2262, the text contains this pertinent state-

ment: "Where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away, cut down, or diminished by any subsequent vague and general expressions, or by any condition repugnant to the fee; but the purpose of the testator to diminish a fee must be clearly and unqualifiedly shown." This requirement is not met by any language of the will which follows the provision which gives the real estate of the testator to his wife to be hers absolutely.

A well established rule in the construction of a will, recognized and applied by this Court in several cases, is that a gift in fee simple, unequivocally made in one clause of a will, can not be taken away, limited or diminished by a subsequent clause, except by provisions which are equally as clear and decisive as the words of donation. *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Brookover* v. *Grimm,* 118 W. Va. 227, 190 S. E. 697; *Totten* v. *Dawson,* 104 W. Va. 274, 139 S. E. 858; *Rau* v. *Krepps,* 101 W. Va. 344, 133 S. E. 508; *Bell's Admr.* v. *Humphrey,* 8 W. Va. 1.

From the foregoing it is clear that the provision in the will of Amos Uriah Wooddell which gives and bequeaths "all my property of both personal and real to my wife * * *, to be hers absolutely" vests in the wife an absolute fee simple estate in the real estate of the testator, and immediately subsequent provisions that "the use of all *all* the of which I may die seized and possessed for and during her natural life; and it is my will that after her death my said real estate shall *dsend* to any *in* my children if there be any living share and share alike" are not equally as clear and decisive as the words which create an absolute fee simple estate and do not take away, limit or diminish such absolute fee simple estate.

The plaintiffs cite and rely upon the recent case of *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727, to support their contention that, as heirs at law of Amos Uriah Wooddell, they are owners of undivided interests in fee

simple in the real estate sought to be partitioned in this suit. The material difference between the pertinent provisions in the will considered by this Court in the *Weiss* case and the provisions in the will of Amos Uriah Wooddell distinguishes that case from the case at bar and renders the decision in that case inapplicable to the facts of this case. The provisions of the residuary clause in the will involved in the *Weiss* case were repugnant or inconsistent in that one part of the clause bequeathed and devised the residue of the real and personal property of the testator to his wife "absolutely in fee simple" and a subsequent part of the clause expressly provided that after the death of his wife such residue "shall be *devided* between my said three daughters share and share *a like.*" These clearly conflicting and irreconcilable provisions of the residuary clause created a patent ambiguity which appeared on the face of the will. In construing the will in the *Weiss* case this Court ascertained the intention of the testator from the words used by him, considered in the light of the entire will and the circumstances surrounding the testator when he made his will, and held that it was his intention to create a life estate in his wife and a remainder in fee simple in his three daughters in equal shares in the residue of his real estate at the time of his death. Unlike the will in the case at bar, the subsequent provision of the will in the *Weiss* case relating to the remainder in the three daughters was equally as clear and decisive as the prior provision relating to the estate in the wife and operated to cut down, limit and diminish the estate mentioned in the prior provision. Moreover, the rule, quoted in *Wise* v. *Hinegardner,* 97 W. Va. 587, 125 S. E. 579, and recognized in the *Weiss* case, that where several parts of a will are absolutely irreconcilable the last provision should prevail, if applied in that case, would have supported the conclusion that under the residuary clause of that will the wife was given a life estate and the daughters a remainder in fee simple in equal shares in the real estate of the testator. For the reasons indicated, however, that rule does not apply to the provisions of the will in the case at bar.

As the plaintiffs have no interest or estate in the real estate of Amos Uriah Wooddell, sought to be partitioned in this suit, the judgment of the circuit court, which sustained the demurrer of the defendant Mary F. Hannah to the bill of complaint and dismissed this suit, being clearly right, is affirmed.

*Affirmed.*

BROWNING, JUDGE, dissenting:

On June 11, 1957, in *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727, this Court held unanimously that under the will of her husband the widow took a *life estate.* These were the pertinent provisions of that will:

> "I, devise and bequeath unto my beloved *wife* Lena Schwertfeger, all of the rest and residue of my real and personal property wherever the same my be situated, *absolutely in fee simple,* and *after the death of my said Dear wife,* the rest and residue of my real and personal property shall be *devided between* my said three daughters *share and share a like."* (Italics supplied)

*Now,* on November 17, 1959, this Court holds, but not quite unanimously, that the widow took a *fee simple estate* in the real property of her husband under his will. These are the pertinent provisions of the will in the instant case:

> "I give and bequeath all my property of both personal and real to my *wife* Sadie Sue Wooddell, to be hers *absolutely* and the *use* of all *all* the of which I may die seized and possessed for and *during her natural life;* and it is my will that *after her death* my said real estate shall *dsend to* any *in* my children if there be any living *share and share alike,* and I do nominate my wife Sadie Sue Wooddell to the Executor herefore and request that she be not required to give an security to qualify as such." (Italics supplied)

In the name of *stare decisis,* I dissent.