In the Matter of the ESTATE of William B. BOYD, Deceased.
Connie AMOS, Appellant (Proponent below),

v.

Helen PETRIE, Ellenor M. Brinda and Jay Durfee, Appellees (Contestants below).
No. 3029.

Supreme Court of Wyoming.
Nov. 24, 1961.

Jones & Dumbrill and Richard S. Dumbrill, Newcastle, for appellant.

Reynolds & Hughes and Cecil K. Hughes, Sundance, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

An X-ray requisition blank such as is used in a hospital, with certain printing thereon pertaining to X-ray and hospital matters and with certain longhand writing, was offered by Connie Amos, proponent, as the will of William B. Boyd, deceased. Assuming that we may disregard the printed matter on the instrument offered, the following words in handwriting remain to constitute, if they can, the will of the deceased:

"Bill Boyd.  Given in X-ray
                at M. M. Hosp.
written by F X Crotty
will & testimony
"Brinda, Elenor—Sister
Valentine Neb. in Hosp. Half.
Connie E. Amos Half.  Savannah Mo.
Helen Ptrie—$1.00 Dollar.
                "F X Crotty Rt
                W C Baker M D
                Gerald F Crawford."

Except for the last two names, each of which are signatures, all of the handwriting

was done by F. X. Crotty. Nothing was written or signed by William B. Boyd. The questions presented are (1) whether this writing, done by a person other than Boyd, would be legally sufficient to constitute Boyd's will, and (2) if so, whether the execution thereof was legally sufficient.

Courts will go far to give effect to written testamentary instruments when they come within the statutes relating to wills, but courts have no authority to make wills for persons when they have not done so. In Wyoming, § 2–50, W.S.1957, specifies that all wills to be valid must be in writing, and this court has previously held that nuncupative wills are not valid. In re Thornton's Estate, 21 Wyo. 421, 133 P. 134.

We may well ask ourselves the question, what is a will? It is frequently defined as an instrument by which a person makes a disposition of his property, to take effect after his decease. 1 Jarmon, Wills, p. 26 (8th ed.).

To be testamentary, the language used must by fair construction be susceptible to a meaning to pass title to property when entered for probate. Also the intent of the testator must be ascertained alone from the meaning of the words used by him in the purported will. Huffman v. Huffman, Tex.Civ.App., 329 S.W.2d 139, affirmed 339 S.W.2d 885; Poole v. Starke, Tex.Civ.App., 324 S.W.2d 234. As was said in both of these Texas cases, the intent must be drawn from the purported will, not the will from the intent.

The statute requiring wills to be in writing precludes ascribing to the testator any intention which he did not express in the instrument itself. See Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102, 105; Montague v. Street, 59 N.D. 618, 231 N.W. 728, 739; Huffman v. Huffman, supra; Poole v. Starke, supra; and also Annotation, 94 A.L.R. 26, at pp. 65 and 159. The instrument must show the intention of the testator to give, or to devise or to leave property. Boggess v. McGaughey, 306 Ky. 319, 207 S.W.2d 766, 767–768; Montague v. Street, supra.

Not only does the paper which is offered as a will in this case fail to express an intention on the part of the testator to give or dispose of property but, except for $1, it fails to describe or mention any property at all. As was said in the case of Hunt v. Furman, 132 W.Va. 706, 52 S.E.2d 816, 818–819, a valid disposition of property requires a definite subject and object, and if either is uncertain the defect is fatal. The writing on the hospital form is wholly devoid of any description of the subject matter intended to be bequeathed, except for the nominal figure of $1. This lack of description in the alleged testamentary writing is fatal and the district judge properly denied the probate thereof.

Affirmed.